## WILLIAM BLAISDELL v. I. R. BURNS.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED JUNE 21, 1901. DECIDED AUGUST 2, 1901.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

Upon the evidence, an agreement of partnership is found to have been entered into by and between the parties as alleged in the bill. The decree appealed from, dismissing the bill on the ground of lack of proof of such partnership, is reversed and the case remanded for further proceedings.

OPINION OF THE COURT BY PERRY, J.
(Galbraith, J., dissenting.)

This is a suit in equity wherein the main averments of the bill are: "that sometime during the month of September, 1898, to wit, on September 1st, 1898, the petitioner and respondent by oral agreement entered into a partnership under the terms of which they became equal partners in the business of soliciting life insurance on the Island of Oahu, Hawaiian Islands, and were to participate share and share alike in all losses and profits of the same; that said partnership continued and existed up to, to wit, the 19th day of December, 1898, when by mutual consent said partnership was terminated"; and that no accounting of said partnership business has been had. The prayer is that respondent be required to submit to an accounting of said partnership matters and for such other relief as may be proper. The respondent denies the existence of the partnership as alleged. The court below, after trial on the merits, was of the

opinion that the evidence on the issue of whether or not the alleged partnership had been entered into was evenly balanced and that the complainant had not successfully borne the burden of proving his averments by a preponderance of the evidence, and for that reason dismissed the bill. From that decree the complainant appeals to this Court.

The issue is one of fact. The complainant testifies positively that some time in the early part of September, 1898, the respondent and himself orally agreed to work together as partners in the business of soliciting life insurance, sharing equally in all the expenditures made and in all the commissions received for policies issued in consequence of their joint and their several efforts, and that this agreement continued in force, with an exception to be hereinafter referred to, until December 19, 1898, when it was terminated by mutual consent. On the other hand, the respondent testifies positively that during the period named no such agreement was entered into by or between the parties and that the only understanding between them at that time was that for such insurance business as the complainant might obtain or assist in obtaining he was to receive as compensation a certain portion of the commissions. There is an irreconcilable conflict in the testimony of these two witnesses on this essential point. We believe the testimony of the complainant, that the agreement of partnership was entered into by the parties. Aside from the testimony of the parties themselves, but little evidence was adduced tending to throw light on the main issue; and yet the complainant's statement is not without corroboration in the acts of the parties or from the testimony of disinterested witnesses. To the witness May, a local agent of the Germania Life Insurance Co. with whom the respondent placed some insurance business, the respondent stated, in September or October of 1898, that Blaisdell and himself had been "writing business together" in the Manhattan Insurance Co. and that they wished to place some business in the Germania, and, in December, 1898, that he was going to California and that the arrangement between Blaisdell and himself ceased from that day, and that any business that

was turned in by Blaisdell would be his individual business. May further testifies that the expression, "writing business together," as used by insurance men, imports a partnership, and Burns' statements to May, just above mentioned, shows that he, Burns, used the expression in that sense.

Respondent accepted a share of the commissions in at least two cases where the insurance was effected solely through Blaisdell's efforts. Again, during the period in question Burns made a trip to Kauai to solicit insurance. Blaidell being unable to accompany him, it was specially agreed between the two that the returns received from such business as Burns might secure would be for the latter alone and would not be shared in by Blaisdell. No such special agreement was necessary unless there was a general agreement to the contrary.

No finding having been made by the court below as to the state of the account between the parties, we prefer to make none now in the first instance. The decree appealed from is reversed and the case remanded to the Circuit Judge of the First Circuit for such further proceedings as may be proper, not inconsistent with the foregoing views.

*Kinney, Ballou & McClanahan* for complainant.

*Magoon & Thompson* for respondent.

### DISSENTING OPINION OF GALBRAITH, J.

I do not agree with the conclusion nor the reasons given by the court in the above opinion. If the issue was one of fact and the testimony irreconcilable, as is stated, it seems that the finding and conclusion of the Circuit Judge who heard the witnesses testify and observed their conduct while so doing is not given the weight and consideration to which it is entitled. I believe that the trial judge was right when he found for the defendant and dismissed the bill on the ground that the evidence was about equally balanced and that the plaintiff had not sustained the burden of proof imposed on him by law.

No attempt was made to impeach any of the witnesses ·and no

reason appears in the record for giving special credence to one over the other.

It seems to me that there was an issue of law as well as of fact presented to the court. (1) An issue of fact to ascertain what was the agreement or contract between the parties; (2) an issue of law whether such agreement or contract constituted a partnership.

The purpose of the alleged partnership was to solicit and write life insurance. It is claimed that the relation was formed in September, 1898, and was terminated on December 19th following, but that during a part of this period, i. e. when the defendant was absent from Honolulu, the partnership was in a state of suspended animation and that on defendant's return this nameless partnership again bloomed into life.

It appears from the record that no books of account were kept in behalf of this alleged partnership, that it had no name, that it had no office or place of abode, that it had no assets, not even a chair or a writing pad, and that it had no capital except that carried under the hat of the respective individuals alleged to be members thereof.

A partnership is a distinct entity from the individuals who compose it. If these parties were partners it was because they made themselves such by agreement. Whether they were or not is largely a matter of intention. An agreement to share the profits and losses does not absolutely constitute a partnership as a conclusion of law. If other circumstances show that no partnership was intended they will control. Bates on Partn., Sec. 29.

One fact in the case is clearly established, i. e. that practically all of the alleged partnership business was done in the name of the defendant, applications were signed by him, notes for premiums were taken in his name and he was the agent known to the company issuing the policies.

I submit that the evidence shows that the defendant acted towards the plaintiff and the business as any business man would do who sustained the relation to him that the defendant insists

he did, i. e. that the plaintiff was his agent to solicit insurance and he compensated him for his services by paying him 50% of the commissions received on all policies secured by him.

"There is a partnership," says the Supreme Court of Connecticut, "between two or more persons whenever such relation exists between them that each is as to all the others, in respect to some business, both principal and agent. If such relation exists they were partners; otherwise not." *Morgan v. Farrel*, 58 Conn. 422.

The record fails to show that the plaintiff was principal in any of the transactions of the alleged partnership with possibly one exception. In all of the other transactions he appears as *agent* but *not as principal.*

It seems to me that the relation between these parties was too uncertain and unsubstantial for the court to dignify it by the name of partnership. The plaintiff's appeal ought to be dismissed and the decree of the trial judge affirmed.