## ALBERT BARNES *v.* CHARLES R. COLLINS.

APPEAL FROM DE BOLT, CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED DECEMBER 7, 1904.    DECIDED DECEMBER 19, 1904.

FREAR, C.J., HARTWELL AND HATCH, JJ.

PARTNERSHIP—*what constitutes.*

> A partnership exists when two or more persons agree to share, as co-owners or principals, the profits of a business.

ID.—*proof.*

> While the question of whether a partnership is created or not is one of intention, by which however is meant, not what the parties call the relation into which they enter or what they understand its result will be, but what its legal effect is, and while no single fact may be conclusive proof of a partnership in all cases,—a strong case is made out presumptively by an agreement of two persons that they are "jointly and equally interested" in two leaseholds held in their respective names, that "any profits that may accrue" from the leaseholds shall be "equally divided between them, and

that they shall "share equally any and all expenses that may arise in the handling" of the leaseholds, and when the circumstances leading up to the agreement and the subsequent acts of the parties support rather than refute the theory of a partnership.

OPINION OF THE COURT BY FREAR, C.J.

This is a bill in equity for the dissolution of a partnership and for an accounting. The defence is that there was no partnership. The circuit judge found that there was a partnership and ordered an accounting. The defendant appealed.

The theory of the plaintiff, which was sustained by the circuit judge, is that the plaintiff and defendant entered into a partnership with reference to the ownership and management of two leaseholds, one of which was taken in the name of the plaintiff and the other in the name of the defendant; that the agreement between the parties was subsequently put in writing; and that this agreement together with the circumstances leading up to it and the subsequent acts of the parties all go to show a partnership. The written agreement is as follows:

"Know all Men by these Presents, that we Albert Barnes and Charles R. Collins, both of Honolulu, and of the Territory of Hawaii, are jointly and equally interested in the following pieces of property, viz.: That certain leasehold, situate on Liliha Street, and being the same premises heretofore occupied by, and which were purchased from Frank Northrup, by the said Charles R. Collins, and also that certain leasehold lately the property of E. B. Thomas known as "Kawehewehe," and which premises situate at Waikiki, were purchased by the said Albert Barnes from the said E. B. Thomas. It is mutually agreed that the said Barnes and Collins shall share equally any and all expenses that may arise in the handling of these two aforementioned leaseholds, and that any profits that may accrue from these leaseholds shall be equally divided between the aforesaid Barnes and Collins, share and share alike. In Witness whereof the parties hereto have hereunto, and to a like document, set their hands and seals, this 5th day of November, A. D. 1900.

(Sig.)　A. BARNES,

"　　C. R. COLLINS."

The defendant contends that the party alleging a partnership must prove it; that strict proof of a partnership is required as to parties *inter se;* that an agreement to form a partnership must be definite and certain; that the evidence in this case wholly fails to establish a partnership between the parties; that the fact that real property is held in the joint names of several owners or in the name of one for the benefit of all is no evidence of a partnership; that mere community of interest or joint ownership does not create a partnership; that in the present case there was not even joint ownership, or common property, or community of interest in the subject matter of the pretended partnership; that even a participation in the profits and losses does not necessarily establish a partnership; that it is not stated in the written agreement that the parties were to be partners, and there is nothing said about a firm name; that the document is not in the form of a partnership contract; and that a partnership cannot be formed by implication or operation of law nor against the intention of the parties themselves. All this may be true and yet in our opinion the finding of the circuit judge is fully sustained by the evidence.

What constitutes a partnership is a matter of some diversity of opinion, but in general it may be said that, according to what is called the modern doctrine, a partnership exists where the parties have contracted to share, as common owners or principals, the profits of a business and that whether an agreement creates a partnership or not depends upon the intention of the parties. But by the intention of the parties is meant, not what they call or consider the relation into which they enter, but what the relation is in legal effect. The parties may expressly agree that there shall be a partnership and yet such agreement will be ineffective if the specific stipulations do not establish a partnership as matter of law, and on the other hand they may expressly agree that their relation shall not be that of partners and yet it may be such as matter of law. Perhaps there is no single element that will necessarily show as a matter of evidence that a partnership was intended. Even an express agreement that the

parties shall share in the profits and losses will not, it is said, necessarily establish a partnership, but such an agreement would be strong presumptive evidence of a partnership, and even an agreement to share in the profits with no agreement as to the losses would be presumptive evidence of a partnership. If the right to share in the profits is merely by way of compensation in lieu of salary or wages for services performed or of interest for money loaned or of rent for land or of compensation for acting as agent and not by virtue of ownership of the profits, there is not a partnership. The natural inference is, in the absence of a contrary showing, that if one has a right to share in the profits it is because he is a co-owner of the profits. If in addition to a right to share in the profits there is also a liability for losses or expenses the case is greatly strengthened, for agents or servants or loaners of capital are not usually liable for losses or expenses. Of course there need be no partnership name, nor need it be stipulated that there shall be a partnership, nor is it necessary that the partners should understand or realize what the legal consequences of their agreement will be. The question is whether that which they have agreed upon constitutes a partnership as matter of law; that is, did they agree to become co-owners of the profits?

In the present case it is expressly agreed that the parties shall "share equally all and any expenses that may arise in the handling" of the leaseholds and that "any profits that may accrue from these leaseholds shall be equally divided between" them "share and share alike." It is also expressly agreed that the parties "are jointly and equally interested in" the leaseholds. This written agreement is *prima facie* proof of a partnership. The extraneous evidence strengthens rather than weakens this presumption. It shows that the parties discussed the purchases of these leaseholds and together examined the property before making the purchases; that the defendant put up $250 and the plaintiff $750 for the purchase of one of the leaseholds and that the defendant afterwards paid the plaintiff $150 on account, the defendant furnishing all the money for the

other leasehold; that while each had most to do with the leasehold held in his name, they frequently consulted each other as to the management of both leaseholds; that they presented statements of account to each other at times, although this was done more particularly by the plaintiff; that the plaintiff paid some of the expense connected with the leasehold held in the defendant's name; and that the defendant paid some expense connected with the leasehold held in the plaintiff's name, used some wood obtained from trees on that leasehold and had something to do with procuring one of the tenants upon that leasehold. The defendant has not sustained any other theory. Indeed he seems to rely entirely on the supposed weakness of the plaintiff's case.

For a fuller statement of the principles involved and illustrative cases, see 22 Am. & Eng. Enc. of Law, 2nd Ed., pp. 13 to 44; *Meehan v. Valentine,* 145 U. S. 611; *Lathrop v. Wood,* 1 Haw. 121; *Tucker v. Metcalf,* 3 Haw. 180; *Bishop v. Everett,* 6 Haw. 157; *Jubey v. Puni,* 6 Haw. 369; *Strohm v. Wilson,* 10 Haw. 302; *Blaisdell v. Burns,* 13 Haw. 507.

The decree appealed from is affirmed and the case is remanded to the circuit judge for such further proceedings as may be necessary.

*W. A. Whiting* and *C. F. Clemons* for plaintiff.

*J. J. Dunne* and *W. T. Rawlins* for defendant.