## Litchfield and Madison Railway Company v. Terry M. Shuler, Administratrix.

1. INSTRUCTIONS—*must be predicated upon the evidence.* Instructions are erroneous which are not predicated upon any evidence in the cause.

2. DAMAGES—*what evidence not competent upon, in action for death caused by alleged wrongful act.* In an action for death caused by alleged wrongful act, it is not competent to permit the administratrix, who was the widow of the intestate, to show that she and her minor child were dependent upon the intestate for support at the time of the injury which resulted in death.

3. RELEASE—*what does not show fraud in procurement of.* Mere incapacity to appreciate and understand the act of executing a release does not render it void and will not establish, of itself, the contention of fraud in procurement.

4. RELEASE—*when return of consideration for, essential to avoid.* Where it is sought to meet a plea of release interposed in an action on the case and it is shown that the release was not void for fraud but merely voidable for incapacity, it is essential in order to remove the bar of the release either to show a return of the consideration paid therefor or an offer to return such consideration.

Action in case for death caused by alleged wrongful act. Appeal from the City Court of Litchfield; the Hon. PAUL McWILLIAMS, Judge, presiding. Heard in this court at the November term, 1906. Reversed and remanded. Opinion filed June 1, 1907.

WILSON, WARREN & CHILD, and BELL & BURTON, for appellant.

HARRY C. STUTTLE and LANE & COOPER, for appellee; EDWARD C. KNOTTS, of counsel.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

J. H. Shuler, an employe of the C., B. & Q. Railroad Company, was injured by the alleged negligence of the Litchfield & Madison Railway Company in the management of one of its cars upon the switch or side track of the C., B. & Q. Railroad Company, which injury resulted in Shuler's death. Terry M. Shuler,

widow of the deceased, was appointed administratrix
of his estate and brought suit in the City Court of
Litchfield against the Litchfield & Madison Railway
Company, where she recovered a verdict in the sum of
$4,000. Judgment was rendered upon the verdict and
this appeal followed.

It appears from the evidence that on the night of
January 21, or early in the morning of January 22,
1906, deceased, while in the discharge of his duties as
"hostler" for the C., B. & Q. Railroad Company at
Litchfield, was injured by a car that was "kicked" in
by appellant upon the switch track of the C., B. & Q.
Railroad Company from which injuries he died in the
hospital at Litchfield on the seventh of the following
April. It also appears from the evidence that on
the twelfth day of February, 1906, one Childs, an at-
torney for appellant, visited Shuler at the hospital
when and where a release is alleged to have been ob-
tained in full of all damages in consideration of the
sum of $1,000 paid to him in cash.

The questions presented upon this record are these:
Did the evidence warrant the jury in finding appellant
guilty of negligence; was deceased in the exercise of
due care for his own safety; was there error in giv-
ing appellee's third instruction; was there error in
allowing appellee to prove that she and her minor
child were dependent upon deceased for their support
at the time of the injury, and was there error in the
ruling of the court upon the question of alleged fraud
relating to the release made by deceased to appellant.

Upon the first of these contentions the evidence
seems to establish that deceased was engaged in the
discharge of his usual duties in and about the switch
yards in Litchfield on a dark, rainy night or early
morning; that he was on his way to an engine upon
which he had some work to do; that the servants of
appellant "kicked" a caboose in upon the side track
on which Shuler was walking to his work; that the
car was running at the rate of about ten miles per

hour, was dimly lighted, if lighted at all; that no one was in charge of the car at the time and no warning of any kind was given of the approach of the car; that the car struck Shuler in the back, knocked him down and ran over him, inflicting such injuries that he died therefrom. Appellant offered no evidence to dispute this showing. The question of negligence upon the part of appellant was one of fact alone upon the evidence for the jury to determine, and their verdict in this respect seems to have been fully warranted.

Upon the subject of due care upon the part of deceased, appellant introduced testimony to the effect that Shuler, while in the hospital, said that he was at fault in the matter; that he turned around and saw the car coming, but thought it was on another track, so did not get out of the way; while upon the part of appellee there was evidence to the effect that Shuler's injuries were of a very severe and painful character; that there was a large hole in the top of his head; that his skull was crushed in, one leg above the foot was ground up and one hip crushed; that during the time between his injury and his death Shuler had to be strapped to his bed and bound down and was so irrational and crazy that his statements had no meaning and could throw no light upon the manner in which he received the injury. This issue thus became also one of fact alone for the jury and one which they were better qualified to decide than we are.

The third instruction given for appellee which was in the following words: ''The court instructs the jury that if you further believe from the evidence that the release in question was obtained by fraud and circumvention, then and in that case the plaintiff would not have to offer or pay back to defendant the $1,000 paid the deceased before bringing her suit, and you will so regard the law in making up your verdict,'' was misleading as there was no evidence in the case tending to show fraud of the character contemplated by the instruction. The fraud contemplated by the in-

struction is that which relates to obtaining the release, which means that there *was* a release and Shuler executed it, but that his signature thereto was obtained by unfair or fraudulent means. Such instruction could not have been intended to apply to a claim of forgery, as now argued by appellee, for the claim of forgery, if sustained by the evidence, would have avoided the release independently of any other question.

It was also error for the court to allow appellee to prove that she and her minor child were dependent upon deceased for support at the time of the injury, as under the statute the dependency, age, poverty or incapacity of those who may take the estate of deceased are not elements of damage. The action under the statute is brought for the benefit of the widow and next of kin, the damages to be distributed to such widow and next of kin in the same manner as personal property of intestates is distributed, and must be for pecuniary damages only. This question was elaborately discussed in C., P. & St. L. R. R. Co. v. Woolridge, 174 Ill. 330, where the court say that the poverty, wealth, helplessness, dependency of the lineal next of kin, their number and age, are immaterial matters on the question of the amount of recovery. In St. L., P. & N. Ry. Co. v. Rawley, 90 Ill. App. 657, the court say: "Under repeated rulings of the Supreme Court the damages to be recovered in an action of this kind by lineal descendants, is pecuniary damage only and that is not affected by the fact that the deceased supports his family or by the number of them supported. Introduction of evidence of this character tends to awaken the sympathy of the jurors for the bereaved and to warp their judgment upon the controlling issues in the case."

If it is right to prove that there is one dependent child then it would also be competent to show ten dependent children, if the facts would warrant it, which would in effect change the basis of estimating damages from one solely pecuniary, as contemplated by the stat-

ute, to one involving the number of dependents who might survive the deceased.

As this case must be reversed for the reasons already stated and as the case will in all likelihood be tried again, it is right for the court to intimate its holdings upon the claim made by appellant that in order for appellee to recover it is essential that she offer to return the $1,000 paid to Shuler by Childs at the time of the execution of the release.

Appellant offered in evidence a release dated February 12, 1906, purporting to be signed by deceased, by the terms of which, in consideration of the sum of $1,000 paid, he released appellant from all claims he had against it for the injury he had sustained. Childs, attorney for appellant, as well as F. Bagby and John Weien, testified to the payment of the money by Childs to Shuler, and to the statements of Shuler to the effect that he had received the money. Thereupon appellee sought to show that from the time Shuler was hurt until his death and on the day the release was obtained, deceased did not have mental capacity enough to transact ordinary business, for the purpose, as it was claimed, of establishing fraud upon the part of appellant. Appellee's offer, however, did not amount to an offer to show fraud and the court properly so ruled. Mere incapacity of itself would not render the contract void but merely voidable in which event, an offer to return the money paid would be essential to a recovery.

If, however, deceased at the time of the making of the release was so mentally incompetent that he could not transact or understand the ordinary business affairs of life and Childs knew it, or if the then existing facts of which he should have taken notice were such as to charge him with knowledge of Shuler's condition, and with such knowledge, or charged therewith, he effected an unfair settlement with deceased, he would be guilty of fraud and no return of the money paid would be necessary in order to enable Shuler or his

representative to recover. Clay v. Hammond, 199 Ill. 370; Ronan v. Bluhm, 173 Ill. 277; Morris v. Great Northern Ry. Co., 67 Minn. 74.

The case of Pawnee Coal Co. v. Royce, 184 Ill. 402, cited by appellant is not in conflict with the doctrine above announced. In the latter case the court seemed to recognize the doctrine just stated, saying that in order to excuse a return of the money paid upon the execution of a release of damages for a personal injury, actual or intended fraud must be made to appear.

It would be competent in establishing Shuler's incapacity to show his condition, both before and after the date of the release, but in order to charge Childs with fraud it must be shown that at the time of the signing of the release he had knowledge of such incapacity upon the part of Shuler, or that the then existing facts were such that he would be chargeable with notice thereof.

For the reasons above given, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*