LUCY C. ZETSCHE, Admx., Appellee, *vs.* THE CHICAGO, PEORIA AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed February 19, 1909.*

1. APPEALS AND ERRORS—*Supreme Court cannot reject mere improbable testimony.* In determining whether the trial court should have directed a verdict for the defendant the Supreme Court can consider only the proof most favorable to the plaintiff, and it can not reject alleged improbable testimony unless it is contrary to some natural law.

2. SAME—*trial court or Appellate Court may consider improbability of testimony.* Where the question is properly raised, the trial court and the Appellate Court are required by law to take into consideration the element of the improbability of testimony, and if either regards the verdict as clearly against the preponderance of the evidence a new trial must be awarded.

3. TRIAL—*what is not improper restriction of cross-examination.* Sustaining an objection to a question which the witness has already answered several times in the same way is not an improper restriction of the cross-examination of such witness.

4. EVIDENCE—*when proof that two children of deceased had pre-deceased him is not prejudicial.* In an action for damages for death by wrongful act, proof that two children of the deceased had died in childhood is not proper for the purpose of showing who were the next of kin of the deceased; but the admission of such proof will not be regarded as prejudicial to the defendant, as being calculated to arouse the sympathies of the jury for the widow.

5. SAME—*when an objection to question is properly sustained.* Where a witness for the defendant railroad company has testified that there was only one car on a certain side-track and it does not appear but that his knowledge of that fact is positive, it is not error to sustain an objection to the further question whether, if there had been a cut of six or seven cars on such side-track, he would not have known it.

6. PRACTICE—*correct practice where court's ruling on motion to exclude leaves uncertainty.* Where the ruling of the court in sustaining, in part, a motion to exclude testimony which has gone in without objection leaves it uncertain what is excluded and what is not, counsel should re-state the motion in such mannner that it can be ascertained by a court of review, from the ruling thereon, whether any harmful evidence is left in the record.

7. INSTRUCTIONS—*what modification of instruction is not injurious.* An instruction to the effect that the servants of the de-

fendant railroad company had a right to assume that the plaintiff's intestate, when approaching the defendant's tracks, *"was rational and* would exercise reasonable care," etc., may be modified, without injury to the defendant, by striking out the italicized words.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding.

This is an appeal by the Chicago, Peoria and St. Louis Railway Company from a judgment of the Appellate Court for the Fourth District affirming a judgment for the sum of $6500 recovered by Lucy C. Zetsche, administratrix of the estate of Hezekiah.P. Zetsche, deceased, the appellee, in the city court of East St. Louis, for damages occasioned by the death of appellee's intestate, alleged to have been caused through the negligence of appellant.

The declaration consists of three counts. The first charges the defendant with the negligent operation of an engine and a train of cars in the control of its employees, whereby the deceased, who was driving along a public highway over the track on which said train was being moved, in the exercise of due care, was struck and received injuries from which he died. The second count charges the defendant with the failure to ring a bell or sound a whistle while approaching the said crossing, as required by statute; and the third alleges negligence in failing to have a brakeman or lookout stationed upon the front end of the train, which was being pushed by an engine from the rear. To the declaration the general issue was filed.

The accident occurred during the afternoon of August 17, 1906, at the crossing of appellant's track over a public highway known as Brooklyn road, a few miles from East St. Louis. The railway track was laid on a grade several feet above the surface of the surrounding country. The highway was also graded up in like manner. The highway

runs south-east and north-west. The track of appellant at
the intersection runs almost due north and south. Deceased
was traveling south-east in a wagon. He was driving and
his horses were moving at a walk. The train which struck
him was running south. The evidence relative to its rate
of speed is very conflicting. The appellee's witnesses say
it was running fifteen or twenty miles an hour; the appel-
lant's, that the rate was much less. The lines upon which
the train and the wagon were moving intersected each
other, forming an angle of about forty-five degrees, and
the accident occurred at the apex of this angle. As the de-
ceased approached the intersection the train came from his
left and somewhat from behind him. He could not have
seen it by looking at right angles to the line upon which
he was traveling until it was within a few feet of him.
Two witnesses testify that before he drove upon the cross-
ing he stopped and looked both ways along the railroad
track to see whether there was a train approaching, and
after so doing he drove upon the crossing. One of the
witnesses fixes the point at which he so stopped at about
fifty feet from the crossing; the other states that the de-
ceased stopped and looked "just before" he drove upon the
crossing. As he approached that crossing there was to his
left and on the west side of the track upon which the train
which struck him ran, a side-track owned by appellant, on
the same level with its main track. The side-track left the
main track at a point north of the wagon road and ran in
a northerly direction. There is evidence which shows that
ten or twelve box-cars were standing on that side-track.
The evidence of appellee's witnesses is that the one of these
cars that was farthest south was distant from the intersec-
tion of the highway and the railroad track one hundred
and fifty feet, that being, according to these witnesses, the
nearest point to the intersection at which a box-car on the
side-track would be safely cleared by a train passing on the
main track. It is the theory of appellee that the cars so

standing on the side-track obstructed the view of the deceased when he looked to his left so that he failed to see the approaching train, which consisted of nine coal cars, a box-car and an engine. The cars were pushed from the rear by an engine and the box-car was next the engine. By the force of the collision Zetsche was thrown from the wagon and received the injuries which resulted in his death.

At the close of all the evidence the motion of appellant for a directed verdict was denied, and the action of the court in this regard has been assigned as error. Appellant also insists that the court erred in passing on evidence and in instructing the jury.

Wilson, Warren & Child, (C. E. Pope, of counsel,) for appellant.

F. C. Smith, and M. Millard, for appellee.

Mr. Justice Scott delivered the opinion of the court:

The appellee argues that the question whether the trial judge should have directed a verdict cannot be considered here, for the reason that it was not raised in the Appellate Court. We have examined the certified copy of the brief filed in the Appellate Court by the appellant and think this objection made by the appellee without merit. Counsel for the appellant state by their brief, filed in this court, "there was some statements of witnesses in this case which, if taken alone, might justify this court in concluding that there was some evidence tending to support the appellee's cause of action," but counsel say that it was physically impossible that these statements could have been true and that they should therefore be rejected; that if they be so rejected there is no evidence in this case which tends to show that the deceased was in the exercise of due care for his personal safety at the time of and immediately preceding the accident. This contention grows out of the fact that

counsel for appellant regard certain evidence upon which they rely as beyond question. While the testimony which is challenged is for various reasons highly improbable, we cannot on that account eliminate it.

The Appellate Court and the trial judge are required by the law, upon the question being properly raised, to take into consideration the element of improbability, and if either regards the verdict as clearly against the preponderance of the evidence a new trial should be awarded. We cannot, upon consideration of this motion, reject testimony unless it is contrary to some natural law, as, for example, evidence that on a certain occasion the sun at noontime in this latitude cast a shadow to the south. The proof most favorable to the appellee on consideration of this motion stands alone. We can consider nothing else. (*Libby, McNeill & Libby* v. *Cook,* 222 Ill. 206.) Applying this rule, the motion for a peremptory instruction was properly denied.

It is complained that the court improperly limited the cross-examination of one of the witnesses who testified that the deceased stopped and looked for approaching trains. The ruling challenged properly sustained an objection to a question which the witness had already answered several times in the same way.

Appellee, over objection, was permitted to prove that two of the children of the deceased had died in childhood prior to the death of their father, and it is insisted that this was prejudicial, because it was calculated to arouse the sympathies of the jury for the widow of Zetsche. The pretended purpose of the introduction of this evidence was to show who were next of kin to the deceased and to show that the children who were dead left no descendants. This was not the right way to establish the kinship, but we can not regard the evidence as prejudicial. We do not think it would lead the jury to increase the damages, as might be the case where an injured plaintiff is permitted to show that he has young children dependent upon him for support.

It is also complained that the court sustained an objection to a question asked by appellant of the witness Harrington, who was one of the men on the train in question. He was asked how many cars there were on the side-track that afternoon. He replied "one," and located it about a quarter of a mile from the crossing. He was then asked whether if there had been a cut of six or seven cars on that side-track he would have known it, and to this an objection was sustained. It did not appear but that the witness knew, or believed he knew, from personal observation, precisely how many cars there were on that side-track. His testimony was, in effect, that there was but one. We think the court was right in sustaining the objection. On cross-examination this witness was asked whether the cars were so coupled up that the air-brakes could have been used, and answered, "No, sir." Appellant objected and the objection was sustained. The cross-examiner continued, however, with interrogatories for the purpose of ascertaining why the cars were not so coupled and for the purpose of demonstrating that had they been so coupled the train could have been stopped quicker. After a number of questions along this line had been propounded and answered without objection, the cross-examiner asked if the only reason that the cars were not coupled so that the air could be used was because the witness did not think it necessary. Appellant then objected on the ground that there was no charge of negligence on account of any failure to use air-brakes or to have the cars equipped so that air-brakes could be used, and moved to have the testimony already taken along that line excluded. The court sustained the objection. Counsel for appellant inquired whether the motion would be sustained. The court replied: "I think part of this ought to be allowed to stand; some of it, I think, may be irrelevant." Appellant excepted, and the examination proceeded without further reference to air-brakes. All of the objections made in regard to this testimony were sustained. The motion to

strike out was to strike testimony that had gone in without objection. It does not appear precisely what evidence the court intended to strike out and what he intended to let stand. We think the motion to strike, after the court had indicated his purpose to sustain it in part, should have been re-stated and made anew in such manner that from the court's ruling thereon we could know whether he intended to leave in the record any evidence which we would regard as harmful. He indicated his purpose to strike out a certain portion of the testimony. Appellant then should have ascertained what portion was to be stricken out and what was not to be stricken out. Had this been done, no testimony objectionable in character might have been left in the record. We think appellant not in a position to urge the question argued.

Complaint is made of appellee's instruction No. 11, on the ground that it permitted a recovery for negligence not charged in the declaration. We think this a misapprehension. The negligence specified by this instruction was averred by the first count.

The court modified appellant's twenty-eighth instruction, which was to the effect that the appellant's servants "had a right to assume that he [deceased] *was rational and* would exercise reasonable care and caution to keep himself out of danger," etc., by striking out the words italicized. The appellant was not injured by the modification. Other objections to the action of the court in passing on instructions are hypercritical.

It is finally argued that the verdict was excessive. That is a question we cannot consider.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*