## George Preble, Administrator, Appellee, v. Wabash Railroad Company, Appellant.

1. DAMAGES—*what incompetent in action for death caused by wrongful act.* In such an action it is improper to permit the widow of the deceased to testify that she was dependent upon him for support; *held,* however, that the admission of such evidence in this case was not ground for reversal inasmuch as it was not argued that the verdict was excessive.

2. DAMAGES—*what incompetent in action for death caused by wrongful act.* In such an action it is improper to permit the widow

of the deceased to testify to the birth of a still-born child; *held*, however, that such evidence was not prejudicially erroneous.

3. MASTER AND SERVANT—*habitual violation of rules.* *Held*, that it was competent to permit the introduction of evidence tending to show the habitual violation of a rule prohibiting brakemen from riding upon the pilots of engines, prior to the time the plaintiff's intestate entered into the employ of the defendant.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the November term, 1908. Affirmed. Opinion filed June 19, 1909.

ANDERSON & MATTHEWS, for appellant; J. L. MINNIS, of counsel.

W. E. WILLIAMS and A. CLAY WILLIAMS, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

In an action for the recovery of damages on account of the death of John E. Aiten, which it is alleged was occasioned by the negligence of appellant, appellee, as administrator, recovered a judgment against appellant for $4,000. To obtain a reversal of the same this appeal is prosecuted.

The first count of the declaration charges in substance that the defendant negligently deposited and maintained a pile of cinders between its side and main tracks at Island Grove; that the deceased was a brakeman in the employ of the defendant, and that on August 26, 1907, while engaged in such duty and while in the exercise of due care for his own safety, and while of necessity he was passing to and from the engine of the train while in motion, and attempting to board the engine at and near and along said pile of cinders, he was thrown by the same upon the tracks, and was caught in the wheels and gearing of said train, thereby receiving injuries from which he died.

The second count charges that while the deceased was of necessity boarding said engine while in motion, his feet were caught in and by the said pile of cinders,

and he was dragged and thrown by said cinders to and upon the ground and thereby injured.

The third count charges that while said engine was being switched in connection with picking up and setting out cars, and while the deceased was standing and riding upon the pilot of said engine and while the said engine was passing along over and through said pile of cinders, the feet of the deceased were caught in and by said cinders, and he was thereby dragged and thrown from said engine, etc.

The evidence discloses the following facts: Appellant operates a railroad which runs through Sangamon county, Illinois, in an easterly and westerly direction. Appellee's intestate Aiken was employed as a brakeman on one of its local freight trains. At the station Island Grove upon its line, appellant maintained a side track about one-half mile in length located immediately north of the main track and parallel therewith. East of the west end of the side track was a derail. On the day Aiten was injured there was a pile of cinders between the main and side tracks, from one to three feet high, said cinders having been placed there by appellant for ballasting purposes. When the train reached Island Grove about dusk on that day, the train crew of which Aiten was a member proceeded to switch several cars of the train from the main to the side track. The evidence tended to show that in the performance of his duties as brakeman it became necessary for him to quickly change his position from one place between the tracks to another, and for that purpose he attempted to mount a step upon the pilot of the engine, while the train was moving, and was either thrown by or dragged in the pile of cinders in question, whereby his legs were caught beneath the train, occasioning injuries from which he shortly thereafter died. That appellant was negligent in permitting the cinders to remain between the tracks and that such negligence was the proximate cause of the injuries to the deceased, cannot be successfully questioned.

The defenses chiefly relied upon were that the deceased assumed the risk of injury, and that he was guilty of contributory negligence. We are unable to say after considering the evidence, that as a matter of law either of said defenses was conclusively established. The trial court therefore did not err in submitting the issues of fact to the jury, nor in refusing to set aside the verdict as contrary to the evidence.

It was, however, error to permit the widow of the deceased to testify that she was dependent upon him for support. Such evidence by necessary inference tended to show that she was without any means of her own. While evidence as to the amount of wages earned by the deceased and that he contributed to the support of his wife, was competent, the evidence admitted was not. L. & M. Ry. Co. v. Shuler, 134 Ill. App. 615; C. P. & St. L. R. R. Co. v. Woolridge, 174 Ill. 330. We do not, however, regard the error as prejudicial, as it could only have affected the amount of damages awarded, and it is not argued that the verdict is excessive.

At the time the declaration was filed the widow of Aiten was pregnant with child, and it was alleged therein that the deceased left a widow and unborn child as his next of kin, etc. Shortly prior to the time of the trial, the child was still-born. Appellee failed to amend his declaration, but was allowed to prove the foregoing facts on the trial, and it is insisted that this was error. Such evidence is ordinarily calculated to arouse the sympathy of the jury and bias their judgment upon the merits of the case, but we do not think that in the present case the error was so prejudicial as to necessitate a new trial of the cause. Zetsche v. C., P. & St. L. R. Co., 238 Ill. 240.

The complaint that the court erred also in permitting the introduction of evidence tending to show habitual violation of the rule prohibiting brakemen from riding upon the pilots of engines prior to the time the deceased entered into the employment of appellant, is unwarranted. Hampton v. C. & A. R. R. Co.,

236 Ill. 249. We find no prejudicial error in the rulings of the court upon the evidence. While the remarks of counsel complained of were improper, we do not think the jury was influenced thereby.

The judgment of the Circuit Court is affirmed.

<em>Affirmed.</em>