## George R. Paulen, Administrator, Appellee, v. Springfield Consolidated Railway Company, Appellant.

RELEASES—*what essential to set aside on ground of insanity.* Before a release made by an insane person who has received the benefit and advantage of the consideration paid thereunder can be set aside, the third party to such release is entitled to a return of the consideration paid, unless such third party is chargeable with knowledge of such insanity or lack of mental capacity or is guilty of fraud, misrepresentation or want of good faith.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Sangamon county; the HON. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the November term, 1910. Reversed and remanded. Opinion filed December 13, 1911.

WILSON, WARREN & CHILD, for appellant.

ROBERT H. PATTON, for appellee.

**Per Curiam.** This is a suit by appellee against appellant to recover damages for wrongfully causing the death of appellee's intestate, Mary Paulen. A trial by jury resulted in a verdict against appellant for $3,000, whereof appellee remitted $234, being the amount received by his intestate in her lifetime in full settlement

of her claim against appellant for damages arising out of the injury in question, together with interest thereon. Judgment was then entered against appellant for $2,766.

In the view we are constrained to take of the case, upon the record as made, it is only necessary to consider and determine the question relating to the alleged release.

Appellee's intestate was injured January 17, 1907, in a collision with a street car operated by appellant on Second street in the city of Springfield. Thereafter, she evidenced symptoms of insanity, as an alleged result of her injuries, and on November 1, 1907, she was adjudged insane and committed to the State Hospital for the Insane at Jacksonville, where she died in June, 1908. On February 18, 1907, an agent of appellant paid to the deceased $200, and in consideration therefor procured her signature to a release, under seal, of and from all claims for injuries sustained by her by reason of the collision in question. Appellee's intestate received the money and the benefit and advantage thereof, and there was no offer or tender by her or by her conservator in her lifetime, or after her death by appellee, as her administrator, to place appellant in *statu quo,* prior to the commencement of this suit, and until the remittitur was entered.

There is not a scintilla of evidence tending to show that appellant was chargeable with knowledge of the insanity of appellee's intestate or that it was guilty of any fraud, misrepresentation or want of good faith in procuring the release.

A contract entered into by an insane person or lunatic before inquest found is not void, but voidable. Jordan v. Kirkpatrick, 251 Ill. 116.

In this state the rule appears to be well settled that before a voidable contract made by an insane person, who has received the benefit and advantage of the consideration paid thereunder, can be set aside, the other

party to the contract is entitled to a return of the consideration paid, unless such other party is chargeable with knowledge of such insanity, or lack of mental capacity, or is guilty of fraud, misrepresentation, or want of good faith. Jordan v. Kirkpatrick, *supra;* Pawnee Coal Co. v. Royce, 184 Ill. 402; Litchfield & Madison Ry. Co. v. Shuler, 134 Ill. App. 615; Fecht v. Freeman, 251 Ill. 84.

Appellee should not be permitted to speculate with reference to the possible outcome of his suit for damages.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*