JOSEPH C. REYNOLDS, Appellee, *vs.* THE ALTON, GRANITE AND ST. LOUIS TRACTION COMPANY, Appellant.

*Opinion filed April 20, 1916—Rehearing denied June 8, 1916.*

1. APPEALS AND ERRORS—*probability of testimony is not a question for the Supreme Court.* In a suit at law coming through the Appellate Court the question of the probability or improbability of testimony is not one for the Supreme Court to consider unless the testimony is in violation of some natural law.

2. NEGLIGENCE—*when evidence that the party injured had accident insurance is admissible.* In a personal injury case against a street railway company, evidence that the plaintiff carried a large amount of accident insurance so written that a much larger amount was to be paid in case of an injury causing amputation above the ankle than below it is admissible, where the amputation above the ankle was a second operation, the surgeons who performed the first operation refusing to amputate above the ankle because they considered it unnecessary, although offered $1000 by the plaintiff if they would amputate above the ankle, and where the defendant claims plaintiff's injury was intentional on his part.

FARMER, C. J., dissenting.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. GEORGE A. CROW, Judge, presiding.

WILLIAMSON, BURROUGHS & RYDER, for appellant.

C. H. BURTON, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Appellate Court for the Fourth District affirmed a judgment for $8000 which the appellee recovered in the circuit court of Madison county against the appellant for personal injuries received through the alleged negligence of the appellant. A certificate of importance was granted and an appeal has been taken to this court.

The errors assigned and argued are, the refusal of the court to direct a verdict for the defendant, the refusal to

admit certain evidence, and the giving and refusing of certain instructions.

There was evidence tending to show that the appellee, who was a locomotive engineer, thirty-eight years of age, was injured while attempting to get on a car of the appellant on Madison avenue, in the village of Madison, at the corner of Second street. His testimony is that the car had stopped to take on passengers and that after two ladies had preceded him he attempted to get on the car, but it started suddenly while he had hold of the hand-hold, and he was thrown, lost his balance and fell. He threw his body away from the car but the fore-part of his right foot was run over and crushed across the instep. Testimony was introduced by the appellant tending to show that the plaintiff was injured at another place, by another car of another company. Proof was also made of the construction and equipment of the car which the appellee testified caused his injury, and it is insisted that under the evidence it is impossible that the accident could have happened in the manner testified to by the plaintiff, therefore it is urged the court should have directed a verdict for the defendant. The question of the probability or improbability of the testimony was a matter to be taken into consideration by the circuit court and the Appellate Court, but it is not a matter which we can consider unless the testimony is in violation of some natural law. (*Zetsche* v. *Chicago, Peoria and St. Louis Railway Co.* 238 Ill. 240.) However improbable the occurrence of the accident testified to by the plaintiff may appear to us, we have no authority to reject his testimony, standing alone. It may be made the basis of a verdict if believed by the jury. The effect of the introduction of the evidence of the appellant was only to make the appellee's testimony more improbable. The question of the credibility of the appellee as a witness and the probability of the truth of his testimony still remains for the jury to

determine, and the court properly refused the instruction to find for the defendant.

The appellee testified that after his injury he went to the offices of Dr. Hamm and Dr. Kiser, which were near, but found both the doctors out. He determined to go to the hospital at Granite City and went to the corner of Third and "G" streets to take a car of the Illinois Traction System. When the car came he became dizzy and was not able to get on the car but fell at its side and fainted. After the car passed he was taken to Dr. Hamm's office, his foot was examined and he was then taken in an ambulance to the Granite City hospital, where Dr. Hamm and Dr. Scott amputated the front part of his foot. Afterward the appellee went to a hospital in St. Louis, where his foot was amputated above the ankle. The appellant-introduced evidence tending to show that the appellee was not injured, as he claimed, by a car of the appellant on Madison avenue near Second street but was injured by a car of the Illinois Traction System on Third street, and that this injury was caused by his voluntary act in placing himself upon the track. It is the claim of the appellant that the appellee received his injuries by his own voluntary act and that the second amputation of the foot was unnecessary. The appellant offered to prove that at the time of the accident the appellee was carrying a large amount of accident insurance, so written that only a small amount was to be paid in case of an injury causing the amputation of a foot below the ankle and the full amount or a larger proportion in case of an injury causing an amputation above the ankle. The action of the court in refusing to admit this evidence is assigned as error. The evidence should have been admitted. In the opinion of the surgeons who performed the first operation the amputation above the ankle was unnecessary. They testified that the appellee offered them $1000 to amputate the foot above the ankle and they refused to do so. The evidence as to the insurance was admissible for the

purpose of showing a motive for the appellee to inflict the injury on himself and a motive for the performance of an unnecessary operation. It has some tendency to corroborate the evidence on behalf of the appellant that the injury was done by a car of the Illinois Traction System and not by the appellant's car and that it was self-inflicted, as well as that the second operation was unnecessary.

Objection is made to instructions given for the appellee and to the refusal of one which was asked by appellant, but the instructions, taken as a series, informed the jury fully and correctly as to the law of the case.

For the error indicated the judgments of the Appellate Court and the circuit court are reversed and the cause remanded to the circuit court.    *Reversed and remanded.*

Mr. Chief Justice Farmer, dissenting.