PAUL E. O'KEEFE *v.* DOUGLAS L. McDONALD.
No. 2612

ARGUED JANUARY 17, 1946.        DECIDED JANUARY 28, 1946.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY PETERS, J.

This is a suit in equity for the dissolution of a partnership and accounting. At the close of petitioner's case the respondent, without resting, moved to dismiss the bill on the ground of the insufficiency of the evidence to sustain the allegations of an existing copartnership. The motion was granted and decree entered accordingly. Hence this appeal.

Revised Laws of Hawaii 1945, section 12411, which was in effect at the time of trial, provides: "If at the close of petitioner's case it shall appear to the judge presiding that the evidence adduced in behalf of the petitioner is insufficient to sustain his bill, the judge may, upon his own motion or upon motion of counsel for any party in interest dismiss the bill."

The word "insufficiency" as employed in the statute means no evidence or evidence less than that required by the scintilla rule.[1] The only evidence of partnership was the protestations of the petitioner as a witness on his own behalf that he and the respondent were "partners" and that a "partnership" existed between them and two declarations against interest made by the respondent out

---

[1] Metropolitan Railroad Co. v. Moore, 121 U. S. 558, 568; Mosekian v. Ginsberg, 10 P. (2d) 525 (Calif.); Schoening & Co. v. Miner, 22 Haw. 196, 203; Leong Chung v. Hee, 29 Haw. 18; Bishop & Co. v. Hawaii Soap Co., 28 Haw. 180, 181; Waterhouse Tr. v. Rawlins, 33 Haw. 876, 884.

of the present of the petitioner, one from which the hearer implied that there was a "partnership" the other to the effect that he was a "partner" of the petitioner. These statements were mere conclusions of law, having no probative value.[2] The agreement between the parties that gave rise to the claim of an existing copartnership between them was in parol. But despite the inconsistencies and contradictions in the evidence, reasonable minds could not differ upon its terms and provisions. Nor was it reasonably capable of more than one construction. It would serve no useful purpose to recite the evidence and point out its deficiencies justifying dismissal. Suffice it to say that we are in accord with the conclusion of the trial judge that the evidence was insufficient to establish a partnership as alleged. In our opinion the legal effect of their agreement was not to create a partnership but the relation of employer and employee, the latter the respondent, to share in the profits of the petitioner's business merely by way of compensation in lieu of salary or wages for services to be performed and not by virtue of ownership of the profits.[3] Moreover, the indispensable legal element of intent to form a copartnership was not present.[4] It was not until the respondent, pursuant to the terms of his agreement with the petitioner, had been in the employ of the latter for about three and one-half months that a partnership was specifically suggested, and the failure to agree upon the articles proposed was admittedly the cause of the termination of their business association.

The trial judge in considering the motion to dismiss

[2] Barnes v. Collins, 16 Haw. 340, 342; Black v. Lord, 29 Haw. 204, 212; Wittling v. Schreiber, 202 S. W. 418, 420 (Mo.).

[3] Barnes v. Collins, supra; Winkelbach v. Honolulu Amusement Co., 20 Haw. 498.

[4] Barnes v. Collins, supra; Rosenblum v. Springfield Prod. Brokerage Co., 243 Mass. 111, 137 N. E. 357.

assumed to pass upon the credibility of the testimony of the petitioner in respect to his statements that a partnership existed and that he and the respondent were partners. The credibility of witnesses has no place in the consideration of the sufficiency of the evidence adduced in behalf of a petitioner to sustain his bill upon a motion to dismiss at the close of petitioner's case and is inconsistent with the presumption of truth accorded the evidence,[5] unless the court can say as a matter of law that testimony is contrary to some natural law,[6] contrary to uncontrovertible physical facts,[7] or self-evidently perjured.[8] By this is not meant that the trial judge may pass upon the credibility of a witness in ruling on a motion to dismiss but simply that any particular testimony coming within the exceptions noted may not be entitled to consideration as evidence in the case. We are not prepared to say that an additional exception to the presumption of truth rule is testimony of a particular witness inherently improbable or impossible for reasons other than those heretofore assigned. The error in interjecting the element of credibility, however, was not prejudicial. The presumption of truth has no application to conclusions of law especially where, as here, they have direct reference to a question in issue, the ultimate determination of which upon the facts is within the exclusive province of the court.

Decree affirmed.

*S. Kashiwa* (also on the briefs) for petitioner-appellant.

*F. Schnack* (also on the briefs) for respondent-appellee.

---

[5] L. McCully v. R. H. Stanley, A. S. Cleghorn and R. B. Neville, 3 Haw. 147, 149; Ferry v. Carlsmith, 23 Haw. 589; Waterhouse Tr. v. Rawlins, 33 Haw. 876.

[6] Zetsche v. C., P. & St. L. Ry. Co., 238 Ill. 240, 87 N. E. 412; Reynolds v. A., G. & St. L. Trac. Co., 273 Ill. 207, 112 N. E. 668.

[7] Ross v. Riffle, 310 Pa. 176, 164 Atl. 913.

[8] Gregory v. Jenkins, 43 S. W. (2d) 877 (Mo.).