THE SANGAMON COAL MINING COMPANY

*v.*

WILLIAM WIGGERHAUS.

*Filed at Springfield September 27, 1887.*

1. MINES AND MINING—*providing signals and places of refuge—the statute construed.* Section 8, of chapter 93, of the Revised Statutes, entitled "Miners," that "all underground, self-acting or engine planes or gangways on which coal cars are drawn and persons travel, shall be provided with some proper means of signaling between the stopping places and the end of said planes or gangways, and sufficient places of refuge at the sides of such planes or gangways shall be provided at intervals of not more than twenty feet apart," applies to all underground, self-acting or engine planes, and also to all underground gangways on which coal cars are drawn and persons travel, whatever the motive power may be.

2. SAME—*the rule of negligence—as at common law.* In an action on the case by a miner, to recover for a personal injury while working in a coal mine, the court instructed the jury, that if the defendant company knowingly, negligently, etc., failed to keep its doors across its gangways. and the gangways themselves, in reasonably safe condition and repair, and by reason thereof the plaintiff was injured, as alleged, they should find for the plaintiff: *Held,* that the instruction was proper, as laying down the rule of liability for negligence at the common law, and did not attempt to lay down the rule under the statute.

3. NOTICE to an agent—*as notice to the principal—in the case of corporations.* When a duty is imposed upon and intrusted to an agent by a corporation, notice to such agent of matters falling within his line of duty is notice to the corporation.

4. APPEALS—*finding of facts by Appellate Court.* Where the Appellate Court renders a general judgment of affirmance of a judgment in favor of the plaintiff in an action on the case for negligence, without a finding of the facts, this will amount to a finding of each fact necessary to the right of recovery, and this court will presume that the evidence sustains the declaration.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Messrs. PATTON & HAMILTON, for the appellant:

While this court will not review controverted questions of fact when passed upon by the Appellate Court, and reverse because of error as to such questions, we understand the evidence in the record will be considered, first, where it is insisted the trial court erred in excluding or admitting evidence; second, where the evidence, conceding all it shows or tends to show, fails to show a right of recovery; and third, where there is no evidence tending to prove a proposition upon which instructions to the jury were given. *Railroad Co.* v. *Thompson,* 116 Ill. 159; *Beard* v. *Maxwell,* 113 id. 440; *Furnace Co.* v. *Abend,* 107 id. 44.

To recover in this case, the plaintiff must establish that the place where he was hurt was an "underground, self-acting or engine plane, or gangway, on which cars were drawn and persons traveled," and that the defendant willfully neglected to "provide sufficient places of refuge at the sides of said plane or gangway, at intervals of not less than twenty feet apart," and that by reason of such willful neglect or omission, the plaintiff, whilst in the exercise of due care and caution, was injured.

The omission of appellant to provide sufficient places of refuge, etc., if the mine was operated by "self-acting or engine planes or gangways," must have been willful. Rev. Stat. sec. 14, chap. 93; *Beard* v. *Skelton,* 13 Bradw. 54; *Hawley* v. *Daily,* id. 391.

The first of plaintiff's instructions is erroneous, in entirely ignoring the element of willfulness on the part of appellant. *Hawley* v. *Daily,* 13 Bradw. 391.

The second is objectionable for the same reason, and as ignoring the material question whether the injury was the result of the door being out of repair.

The third is based upon the theory that the defendant used an underground gangway for the transit of servants, and on which cars were drawn, and that it was its duty to provide

places of refuge, not more than twenty feet apart.    It was not based on any evidence, as there was no proof that the gangways were used for the transit of its servants, or that. they were such as the statute refers to.

The fourth is faulty in stating that notice to an agent, whose duty it was to fix the door, was notice to the principal; that the opening of the door was hard and difficult.    The plaintiff can not recover for the negligence of a fellow-servant.    *Railway Co.* v. *Moranda,* 93 Ill. 302; *Railroad Co.* v. *Geary,* 110 id. 383; *Stafford* v. *Railroad Co.* 114 id. 244.

Messrs. ORENDORFF & PATTON, and Mr. JAMES E. DOWLING, for the appellee.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This was an action brought by appellee in the Sangamon circuit court, to recover for personal injuries received by him while in the employ of appellant.    A trial resulted in a verdict and judgment thereon for the plaintiff, which, on appeal to the Appellate Court for the Third District, was affirmed, and the case is brought to this court by the further appeal of the defendant below.

The Appellate Court having rendered a general judgment of affirmance, without a finding of facts, it must have found each fact necessary to the maintenance of plaintiff's case in favor of the plaintiff and against appellant.    We are not, therefore, required to examine the facts proved, for the purpose of determining whether they have been correctly determined, but must presume that the evidence sustains the declaration; and it having been admitted by pleading to the declaration, and now conceded here, that the several counts of the declaration state a good cause of action, it must, in the absence of any legal question being raised as to the sufficiency of the proofs, be held to establish the plaintiff's right of recovery upon some one or more of the counts of his declaration.

The first count, after alleging that appellant was operating its mine, avers it had underground planes and gangways in said mine, with doors in and across the same at intervals, on which coal cars were drawn and persons traveled, and averring it was the duty of appellant to provide, at intervals of not more than twenty feet apart, sufficient places of refuge at the sides of said underground planes and gangways, and that appellant, willfully, wrongfully and negligently disregarding its duty, failed to provide the same; that the plaintiff was engaged in loading cars in said mine and in placing empty cars in position to be loaded, and that while he, with all due care and diligence, in discharge of his duty, was passing on said underground gangway of appellant in said mine, leading to the shaft thereof, certain loaded cars were being drawn on said underground gangway toward the shaft in front of him, when they broke loose and became detached from the power by which they were being moved, at a point where they were going up an incline in said gangway, and ran rapidly down the same, and by reason of the failure of appellant to provide such sufficient places of refuge, appellee was unable to escape on either side of the track, and he was, in consequence, struck by said cars and injured, etc. The second count alleges, substantially, the same matter, but with the further allegation, that it was the duty of appellant to keep the doors across the track in repair, so that persons passing along the gangway could readily open and escape through them, and breach, etc.; and that appellee, while in discharge of his duty, with due care, was passing on said gangway, was unable to open a door across the same or pass through it, whereby he was unable to escape; and was injured by the cars, as in the first count stated. The third count alleges that it was the duty of appellant to provide and keep sufficient space on the sides of its underground planes or gangways free of obstruction, so that persons on the same could step aside and avoid injury, etc.,

and that by reason of failure, etc., of appellant in that respect, he was injured, etc.

The first count is predicated upon section 8, of chapter 93, of the statute entitled "Miners," which requires that "all underground, self-acting or engine planes or gangways on which coal cars are drawn and persons travel, shall be provided with some proper means of signaling between the stopping places and the end of said planes or gangways; and sufficient places of refuge at the sides of such planes or gangways shall be provided, at intervals of not more than twenty feet apart."

It is insisted that the statute in question applies only to self-acting planes or gangways, or to those operated by means of an engine, and has no application to mines where, as in this instance, the motive power by which the cars are hauled is that of a mule or horse. We are not prepared to give the language employed so narrow a construction. The intent of the legislature undoubtedly was to afford protection to the operative in mines, and while accidents from the moving of loaded cars underground may not be as frequent when machinery is not employed as when it is, still, the necessity for protection by proper safeguards existed. The statute applies, it is conceded, to all "underground, self-acting or engine planes," and it is there required that places of refuge should be provided. It will be observed that it by no means follows, necessarily, that the word "self-acting" or "engine" qualifies the word "gangways." A self-acting plane upon which cars are moved, has a well understood meaning, as applied to those mines so circumstanced that the loaded cars, by reason of the dip of the plane toward the shaft, will move without other motive power down the incline and deliver themselves at the pit; and in some instances, by means of endless cables working around drums, the momentum of the descending loads will deliver the empty cars back to the face of the mine, or to some convenient or accessible point, to be re-loaded. An under-

ground engine plane on which coal cars are drawn, would be
understood as a plane where the motive power was that of a
steam engine, communicating the motion to the cars by means
of appliances adapted for that purpose; and each of these
terms would have a technical meaning, as applied to the par-
ticular subject under consideration. A "gangway" is defined
by Webster as "a passage-way or avenue into or out of any
inclosed place." This record fails to show that the word has,
as applied to mines or the entries or passage-ways therein,
however used, any other than this general signification, nor
have we, by consulting the standards, been able to find it used
in any other manner, except in nautical phrase it is used to
designate a particular part of a vessel. Thus we find the leg-
islature employing language descriptive of known and defined
objects and methods, and then using a word including any
passage or way or avenue leading from the mine to the pit,
through or along which coal cars are drawn and persons travel.

Giving effect to the intent of the legislature as thus ex-
pressed, we are of opinion that the clause applies to all under-
ground, self-acting or engine planes, and also to all under-
ground gangways on which coal cars are drawn and persons
travel, whatever the motive power may be, and hence was
applicable to the mine of appellant; and the court did not err
in so instructing the jury.

It is next urged that the court erred in giving the first,
second, third and fourth instructions for appellee. What has
already been said disposes with sufficient clearness of the ob-
jections urged as to the third.

The criticism of the first instruction, when it is considered
as to the case made under the second and third counts of the
declaration, does not exist. It told the jury that if the de-
fendant knowingly and negligently, etc., failed to keep its doors
across its gangways, and the gangways themselves, in reason-
ably safe condition and repair, and that by reason thereof the
plaintiff, while exercising proper care, etc., was injured, as

alleged, etc., they should find for plaintiff, ignoring, as is said, the element of willfulness. The criticism arises solely from the misapprehension of counsel that the instruction relates to plaintiff's case as made under the first count of the declaration, for not providing the places of refuge required by the statute. It did not pretend to lay down the rule under the statute, but at common law, for negligently failing to keep the door and gangway in suitable repair, and, as applicable thereto, stated the rule of law correctly.

The same objection is urged, under a like misapprehension, to the second of plaintiff's instructions, and also the further objection that it fails to require the jury to find that the injury to plaintiff was the effect of the negligent failure of appellant to keep the door across the gangway in repair. This criticism arises from the fact that the instruction is incorrectly given in the abstract, the words as found in the record, "and that thereby the plaintiff received injury while engaged" in the performance of his duty as such servant, being omitted. It is apparent, when read in the record, it is not obnoxious to the objections made.

The fourth instruction informed the jury, that if they believed, from the evidence, that an agent of the defendant whose duty it was to fix said door or cause the same to be fixed, was notified that the opening of the door across the gangway was difficult and hard, then such notice was notice to defendant, etc. It is insisted that notice to a co-servant of appellee is not notice to the common employer. We do not think it important to discuss the doctrine indicated by the objection urged. It is, we think, sufficient to say, that when a duty is imposed upon and intrusted to an agent by a corporation, notice to such agent of matters falling within his line of duty, is notice to the corporation. The instruction, we think, stated the rule correctly.

There was evidence tending to sustain the plaintiff's case. The court fully laid down the rules of law in an elaborate and

well prepared series of instructions presented by counsel for appellant, and it is, we think, impossible that the jury were misled as to the law applicable to the facts.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*