THE JOSEPH TAYLOR COAL COMPANY

*v.*

WILLIAM DAWES.

*Opinion filed February 21, 1906.*

1. TRIAL—*when case by a coal miner for injuries is properly submitted to the jury.* If the evidence for the plaintiff, in an action by a coal miner for injuries, fairly tends to show that the cage was lowered into the mine in a negligent manner and at a rate of speed forbidden by the statute, as charged in the declaration, in consequence of which the plaintiff was injured, it is proper to submit the case to the jury.

2. EVIDENCE—*when proof of other violations of the statute is admissible.* Where the only direct evidence as to the rate of speed at which the cage was being lowered into the mine is that of the plaintiff and the defendant's engineer, who contradict each other, evidence that the engineer had repeatedly lowered the cage on previous occasions at a prohibited rate of speed is admissible, as tending to show knowledge upon the part of the engineer that the cage was being lowered at a prohibited speed at the time the plaintiff was injured.

3. MINES—*knowledge of engineer as to rate of speed in lowering cage is chargeable to mine owner.* A hoisting engineer at a mine, in lowering the cage, is the representative of the mine owner, and his knowledge as to the rate of speed at which he lowers the cage is chargeable to the mine owner, and the latter is liable for the engineer's conscious violation of the statute in that respect.

220—10

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding.

LOUDEN & CROW, for appellant.

M. W. SCHAEFER, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action on the case brought by the appellee against the appellant in the circuit court of St. Clair county to recover damages for an injury alleged to have been sustained by the appellee while in the employ of the appellant as a coal miner, by reason of the cage upon which he was descending into the mine of the appellant being lowered by appellant's engineer at an excessive and prohibited rate of speed. The declaration contained three counts. The first count charged that the cage was lowered into the mine at a rate of speed in excess of six hundred feet per minute, in willful violation of the statute, and the second and third counts charged, respectively, that the cage was negligently and wantonly lowered into the mine, in consequence of which the appellee was injured. The general issue was filed, and a trial before the court and a jury resulted in a verdict and judgment in favor of the appellee for the sum of $3500, which judgment was affirmed by the Appellate Court for the Fourth District, and a further appeal has been prosecuted to this court.

The first contention of appellant is, that the trial court erred in declining to take the case from the jury upon its motion at the close of all the evidence. The evidence was conflicting. That of the plaintiff, however, fairly tended to show that the cage was lowered into the mine in a negligent manner and at a rate of speed in excess of that forbidden by the statute, and that as a consequence thereof the plaintiff

was injured. The court did not err in submitting the case to the jury.

It is next urged that the court admitted improper evidence on behalf of the plaintiff. The plaintiff was upon the cage alone at the time he was injured. His testimony was, that at the time he was injured the cage was lowered into the mine at a high rate of speed and at a rate much in excess of six hundred feet per minute. The engineer contradicted him as to the rate of speed at which the cage was lowered into the mine, his testimony being that the cage was not lowered into the mine at a prohibited rate of speed. While the testimony of the plaintiff was corroborated by the proven facts, the testimony of the plaintiff and the engineer was all the direct evidence upon the rate of speed at which the cage was lowered into the mine at the time the plaintiff was injured.

The plaintiff called a number of witnesses who were employed in the mine, and, over the objection of the defendant, was permitted to prove by them that prior to the plaintiff's injury the engineer repeatedly lowered the cage, when men were upon it, into the mine at a rate of speed greatly in excess of six hundred feet per minute. This testimony, it is urged, was inadmissible, as it is said it was not permissible for the plaintiff to establish that the cage was lowered at a prohibited rate of speed at the time he was injured, by proving it was lowered at other times at a rate of speed prohibited by the statute. If such was the object of the testimony the objection to its admission should have been sustained, as the general rule is, that the plaintiff cannot establish the misconduct of the defendant upon which he bases a right to recover, by proving the defendant guilty of similar acts of misconduct at another time. This general rule, however, has its exceptions, and we think the evidence here in question falls within a well recognized exception to the general rule and was admissible. The defendant was powerless to delegate to its engineer the right to lower into its mine said

cage and thereby relieve itself from liability in case the cage
was lowered at a rate of speed prohibited by the statute and
injury followed, as the duty to lower the cage at a rate of
speed not in excess of six hundred feet per minute was a
duty resting upon the defendant, and which could not be
delegated by it to its engineer so as to relieve itself from lia-
bility. (*Chicago and Alton Railroad Co.* v. *Eaton,* 194 Ill.
441.) The engineer, in the lowering of the cage, stood in
the place of and as the representative of the defendant, and
his knowledge with reference to the rate of speed at which
the cage was being lowered into the mine at the time the
plaintiff was injured was the knowledge of the defendant.
In order that the defendant might be held liable, under the
first count, for a willful violation of the statute in lowering
the cage into the mine at a prohibited rate of speed, it de-
volved upon the plaintiff to establish that the defendant,
by its engineer, consciously,—that is, knowingly,—lowered
the cage upon which the plaintiff was descending into the
mine at the time he was injured, at a rate of speed in excess
of the rate of six hundred feet per minute. (*Carterville Coal
Co.* v. *Abbott,* 181 Ill. 495; *Donk Bros. Coal and Coke Co.*
v. *Peton,* 192 id. 41.) While the fact that the cage was de-
scending into the mine at a rate of speed prohibited by the
statute at the time plaintiff was injured might afford a·pre-
sumption that the engineer who controlled the engine that
regulated the descent of the cage had knowledge of the rate
of speed at which the cage was descending into the mine, if
that were the only time in the history of the mine when the
cage had been allowed by the engineer to descend into the·
mine at a rate of speed prohibited by the statute, the pre-
sumption that its unlawful rate of descent was known to the
engineer, and that such excessive rate of speed was not acci-
dental, would be greatly weakened. If, on the other hand,
the engineer had repeatedly, prior to the injury of the plain-
tiff, violated the statute by lowering the cage into the mine
at a rate of speed prohibited by the statute, the presumption

that he knowingly, and therefore willfully, violated the statute by lowering the cage into the mine at a prohibited rate of speed at the time plaintiff was injured would be greatly strengthened. The gist of plaintiff's action under the first count of the declaration was a willful violation of the statute, which involved proof of a conscious violation of the statute, and any fact which would establish knowledge on the part of the engineer that the cage was being lowered into the mine at an unlawful rate of speed was admissible in evidence, even though it involved proof of the conduct of the engineer in handling the cage at times other than at the time plaintiff was injured.

The admission of the class of proof here complained of, to establish purpose, intent, malice, knowledge or other mental state in a party, forms an exception to the general rule heretofore stated, which prohibits the proof of collateral facts to establish the facts relied upon as a ground of recovery. (1 Elliott on Evidence, secs. 161-165.) In *Thomas* v. *People*, 59 Ill. 160, it was held if the intent cannot be implied from the facts and circumstances which, with the intent, constitute a crime, then other acts of the party from which it can be implied may be proved. Whatever will prove the intent is admissible, either to show *scienter* or guilty knowledge. And in *Allin* v. *Millison*, 72 Ill. 201, which was an action upon the case for deceit in the sale of a patent, the plaintiff was permitted to introduce evidence of transactions between the defendants and other parties who had purchased territory from them and who had made complaint to the defendants that the patent was worthless. The ruling of the trial court in admitting that testimony was affirmed on the ground that it affected the defendants with knowledge that the invention was without value. And in an action to recover damages for an injury caused by a vicious domestic animal, it is uniformly held that proof may be introduced showing such animal had committed similar vicious acts on former occasions, for the purpose of estab-

lishing in the owner knowledge of the vicious propensity of the animal. If the evidence was admissible for the purpose of showing that the engineer knowingly lowered the cage into the mine at a prohibited rate of speed at the time the plaintiff was injured, the court could not legally reject it because the jury might consider it in determining the question whether the cage was lowered into the mine at a prohibited rate of speed at the time of the injury. If the defendant feared the jury might consider the testimony for such purpose, it should have asked the court to confine the jury in their deliberations, by a proper instruction, to a consideration of the evidence for the purpose for which it was admitted.

It is next contended that the court erred in refusing to give to the jury instructions offered on behalf of the defendant. The first instruction the refusal of which is complained of, was one in which the jury were instructed to disregard all the testimony as to the speed at which the cage was lowered into the mine previous to the injury of appellee. The question here raised has already been disposed of adversely to the contention of appellant.

The court was also asked to instruct the jury to disregard the allegation of negligence found in the first count of the declaration, the allegation in that count being that the cage was "willfully and negligently" lowered into the mine at a prohibited rate of speed. We think the principle contained in that refused instruction was amply covered by other instructions which were given, and in which the jury were informed the plaintiff could not recover under the first count of the declaration unless they believed, from a preponderance of the evidence, that the lowering of the cage into the mine at a prohibited rate of speed was willful and that the prohibited rate of speed was the cause of the plaintiff's injury.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*