### The Wilmington & Springfield Coal Company v. Hugh Sloan et al.

1. MINES AND MINER'S ACT—*what wilful violation of.* The conscious neglect to repair is a wilful violation within the meaning of this act.

Action on the case for death caused by alleged wrongful act. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1905. Affirmed. Opinion filed June 8, 1906.

CONKLING & IRWIN, for appellant.

ROBERT H. PATTON, for appellees.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an appeal from a judgment against appellant, The Wilmington & Springfield Coal Company, for $2,500 in favor of appellees, Hugh and Ellen Sloan, father and mother, respectively, of William Sloan, for damages occa-

sioned by his death from suffocation in a coal mine oper-
ated by appellant.

The declaration consisting of three counts alleges the
wilful failure of appellant to observe the requirements of
the statute, relating to mines and mining, first, to keep
careful watch over all ventilating apparatus and the air
currents in the mine; second, to maintain throughout the
mine currents of fresh air sufficient for the safety and
health of the men and animals employed therein; third, to
force currents of fresh air into every working place
throughout the mine, so that all parts of the same should
be reasonably free from standing smoke and deleterious air
of every kind.

The facts, disclosed by the evidence, are substantially, as
follows:   On August 5, 1904, the deceased, William Sloan,
employed by appellant as a coal miner, together with one
Moses Secker, was working in the third and fourth rooms
in the nineteenth northeast entry.   In supplying fresh air
to the part of the mine where deceased was at work, the
air current came east along the main east entry to the last
cross-cut, thence north through said cross-cut to the back
east entry, thence west along the back east entry to the
twentieth northeast entry, thence north along that entry
to the last cross cut, thence west through that cross-cut to
the nineteenth northeast entry, thence south along that en-
try past rooms three and four to the back east entry,
thence west along that entry toward the bottom of the
mine.   For the purpose of keeping the current of air in its
proper course, curtains or sheets, consisting of cloth, were
fastened to a rafter and props, and maintained in the nine-
teenth northeast entry between the main east and back
east entries, and in the back east entry between the nine-
teenth and twentieth northeast entries.

Between 2:30 and 3:30 o'clock in the afternoon, William
Farrant, a driver in the mine, was coming into the nine-
teenth northeast entry with a trip of empty cars.   When
the trip reached the curtain in that entry one of the cars
became derailed and ran against the props tearing down

the curtain. Shortly thereafter, Farrant met Charles Cavanaugh, another driver in the mine, and told him to find a tracklayer and tell him to fix the curtain. Cavanaugh saw Edward Cartwright, a tracklayer's helper, told him of the accident to the curtain and requested him to fix it. Cartwright went to the place where the curtain was torn down, but failed to fix it. About four o'clock the deceased and Secker commenced firing five shots in rooms three and four. They had fired two shots in each room and were about to fire the last shot in room three, when the deceased was overcome by smoke and bad air.

It is practically conceded by appellant that the deceased came to his death by reason of the breaking down of the curtain and the failure of Edward Cartwright to repair it, but it is insisted that notice to Cartwright of the condition of the curtain was not notice to appellant, and that the failure of Cartwright to repair the curtain cannot be held to have been a wilful violation on the part of appellant of the requirements of the statute. It cannot be controverted that the failure of Edward Cartwright to repair the curtain was wilful on his part. He consciously neglected to repair the curtain, and such neglect was wilful within the meaning of that term as used in the statute. Donk Bros. Coal & Coke Co. v. Peton, 192 Ill. 41; Taylor Coal Co. v. Dawes, 220 Ill. 145.

The crucial question, therefore, is whether or not Edward Cartwright was a vice-principal of appellant with respect to the performance of the duties imposed by the statute upon appellant.

Appellant owed a personal duty to deceased to keep careful watch over all ventilating apparatus and the air currents in the mine; to maintain throughout the mine currents of air sufficient for his safety and health; and to force currents of fresh air into every working place throughout the mine, so that all parts of the same should be reasonably free from standing smoke and deleterious air of every kind. If Edward Cartwright was entrusted by appellant with the performance of those duties he stood in the relation of

vice-principal to appellant. Notice to Cartwright would be notice to appellant, and appellant would be responsible for his acts, and his wilful failure to perform those duties would be the wilful failure of appellant. Sangamon Coal Mining Co. v. Wiggerhaus, 122 Ill. 279; M. & O. Ry. Co. v. Godfrey, 155 Ill. 78; Baier v. Selke, 211 Ill. 512; Odin Coal Co. v. Tadlock, 216 Ill. 624; Taylor Coal Co. v. Dawes, *supra*.

That Daniel Simpson, the assistant mine manager, may have passed through the entries and found the curtain in good condition shortly before it was torn down does not excuse appellant for a wilful failure to repair the curtain, if it did so fail. The duties, heretofore mentioned, imposed by the statute, are ever present, continuing duties to be performed by appellant, and it was incumbent upon it to have a representative in the mine charged with the performance of those duties.

The evidence tends to show that roadmen or tracklayers were charged with the work of repairing curtains; that William Cartwright, the roadman or tracklayer employed in that part of the mine, was absent on the day of the accident and that Edward Cartwright, his helper, was performing the duties of roadman and tracklayer and was the only person in that part of the mine charged with the performance of those duties.

We are clearly of opinion the jury was justified in finding that Edward Cartwright was the agent or representative of appellant charged with the work of repairing the curtain —a duty personal to appellant; that he wilfully failed to repair the curtain, and that such wilful failure was the proximate cause of the death of William Sloan.

We find no prejudicial error in the record and judgment is affirmed.

*Affirmed.*