GEORGE ROBERTSON, Appellee, *vs.* DONK BROS. COAL AND COKE COMPANY, Appellant.

*Opinion filed February 19, 1909.*

1. MINES—*word "landing," used in paragraph b of section 28 of Mines act, includes top and bottom of shaft.* The word "landing," as used in paragraph *b* of section 28 of the Mines act, requiring a sufficient light to be maintained at landings to show the landing and the surrounding objects distinctly, includes the top and the bottom of the shaft.

2. SAME—*clause "coming to the bottom" construed.* The provision of paragraph *b* of section 28 of the Mines act requiring a sufficient light at the bottom of the shaft so that persons "coming to the bottom" may clearly discern the cage and objects in the vicinity, applies to persons descending to the bottom in the cage as well as to those coming from their working places to ascend in the cage from the bottom.

3. EVIDENCE—*what evidence is proper in action for damages for failing to light bottom of shaft.* In an action by a miner for damages for the defendant's failure to have a sufficient light at the bottom of the shaft, proof that the plaintiff's view was obstructed by escaping steam is proper though there is no averment to that effect in the declaration.

4. SAME—*when proof of failure to maintain a light on former occasions is proper.* In an action by a miner for damages for the defendant's failure to keep a sufficient light at the bottom of the

shaft, as required by the statute, proof that the defendant had failed to properly light the bottom of the shaft on former occasions is proper, as bearing upon the question whether the defendant willfully violated the statute.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. R. D. W. HOLDER, Judge, presiding.

WISE, McNULTY & KEEFE, for appellant.

C. H. BURTON, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced in the circuit court of Madison county by George Robertson, the appellee, against the Donk Bros. Coal and Coke Company, the appellant, to recover damages for a personal injury alleged to have been sustained by the appellee while employed as a coal miner in appellant's mine located at Maryville, in consequence of appellant's willful violation of paragraph *b* of section 28 of the Mines and Miners act by failing to maintain a sufficient light at the landing at the bottom of the shaft of its mine, the result of which was that appellee, on leaving the cage, stumbled and fell over a block of wood which lay upon the bottom of the mine a few feet from the entrance to the cage by means of which appellee had descended into said mine.

The paragraph of the section of the statute claimed to have been willfully violated reads as follows: "Whenever the hoisting or lowering of men occurs before daylight or after dark, or when the landing at which men take or leave the cage is at all obscured by steam or otherwise, there must always be maintained at such landing a light sufficient to show the landing and surrounding objects distinctly. Likewise, as long as there are men underground in any

mine the operator shall maintain a good and sufficient light at the bottom of the shaft thereof so that persons coming to the bottom may clearly discern the cage and objects in the vicinity." (Hurd's Stat. 1908, p. 1441.)

The declaration contained one count, to which the general issue was filed. The jury returned a verdict in favor of the appellee for the sum of $850, upon which the court rendered judgment after overruling a motion for a new trial, which judgment, upon appeal by the defendant, was affirmed by the Appellate Court for the Fourth District, and that court having granted a certificate of importance, a further appeal has been prosecuted by the coal and coke company to this court.

At the close of all the evidence the defendant moved the court to instruct the jury to return a verdict in its favor, which motion was denied by the court, and the action of the court in that regard has been assigned as error in this court.

It is first contended that the appellee did not bring himself, by his declaration and proofs, within the first provision of said paragraph of said section of the statute, in this: that the bottom of the shaft where appellee was injured was not "a landing," within the meaning of the statute. The evidence of the appellee fairly tended to show that he was employed as a coal miner in appellant's mine; that the bottom of the mine was reached by a cage, which was operated in a shaft two hundred and thirty-five feet deep; that early on the morning of the injury the appellee, with other miners, descended upon the cage into the mine; that on the cage reaching the bottom of the shaft there was no light at that point in the mine; that the appellee left the cage when it reached the bottom of the shaft; that immediately on leaving the cage he stumbled over a block of wood lying upon the floor of the mine within from seven to ten feet of the entrance to the cage, and fell and broke his knee-cap and injured his hip.

The object of the statute manifestly is to require a mine owner or operator to keep the top and bottom of the shaft by which the miners enter the mine, sufficiently lighted so that they can safely enter and leave the cage. The word "landing," as used in paragraph *b* of section 28, we think broad enough to cover the place at the bottom of the shaft or at the top of the shaft where the miners enter or leave the cage, and to require the mine owner or operator to keep each of those places lighted. This construction is borne out by other sections of the act. In paragraph *e* of section 16, in defining the duties of the mine manager or superintendent, it is provided that he shall see "that sufficient lights are maintained at the top and bottom landings when the men are being hoisted and lowered." And in paragraph *b* of section 2 it is said: "At the bottom of every shaft and at every caging place therein, a safe and commodious passageway must be cut around said landing place." There can, therefore, we think, be no question but the appellee was injured at a landing in appellant's mine at which men took or left the cage.

It is also urged that the appellee has not brought his case within the provisions of the last provision of said paragraph of the statute, in this: that the appellee was not "coming to the bottom" of the shaft at the time he was injured. If the place where the appellee was injured was a "landing" then the last contention becomes immaterial. It appears, we think, however, that appellee was coming to the bottom of the shaft when injured. Clearly, it can make no difference whether the appellee was approaching the bottom of the shaft from above or from his working place below. In either case he was coming to the bottom of the shaft. If he approached the bottom of the shaft from above he did so with a view to leave the cage; if he approached the bottom of the shaft from below he did so with a view to enter the cage. In either event he was entitled to have the

bottom of the shaft lighted so that he could leave or enter the cage in safety. When the entire statute is considered, we think appellee, by his declaration and proofs, brought himself clearly within the terms of said paragraph of the statute, and that the court did not err in declining to take the case from the jury.

It is also contended that the court erred in its rulings upon the admission of evidence, first, in this: that the court admitted in proof evidence that the view of the appellee was obstructed, as he left the cage, by escaping steam from a steam pump near the bottom of the shaft; and second, in this: that the court admitted proof that the bottom of the shaft was imperfectly lighted on former occasions. While the declaration did not aver that the view of the appellee was obstructed by reason of escaping steam at the bottom of the shaft, we think the appellee had the right to show the condition of the mine at that point. Especially was this true as the appellant claimed the bottom of the shaft was amply lighted by the lamps of certain miners who were present at the time the appellee was injured. We also think it proper to show that the appellant had failed to properly light the bottom of the shaft on former occasions, as bearing upon the question whether appellant had willfully violated the statute. *Taylor Coal Co.* v. *Dawes,* 220 Ill. 145.

It is also contended the court erred in giving certain instructions to the jury on behalf of appellee and in refusing to give to the jury certain instructions offered upon behalf of the appellant. The court instructed the jury substantially in accordance with the views hereinbefore expressed. We do not, therefore, think the court erred in its rulings upon the instructions given or refused.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*