## August Emerling, Appellee, v. Spring Valley Coal Company, Appellant.

### Gen. No. 5,079.

1. MINES AND MINERS ACT—*what evidence competent in action to recover for wilful violation.* In an action charging the existence and maintenance of a dangerous condition in the entry way, it is competent to show the extent, with respect to distance, of such conditions and the time that they have been permitted to continue prior to the accident in question.

2. MINES AND MINERS ACT—*what question not material in action for wilful violation.* The question of the good faith of a mine operator is not material in an action under the Mines and Miners Act charging wilful violation.

3. MINES AND MINERS ACT—*when instruction in action for wilful violation properly refused.* It is proper for the court to refuse to give an instruction which separates the several items of proof tending to show dangerous conditions and tells the jury that none of these facts taken separately prove the case.

4. EVIDENCE—*when admission of immaterial, will not reverse.* The admission of evidence in support of a count which does not state a cause of action will not reverse, if issue has been joined upon such count.

5. EVIDENCE—*repetitions properly excluded.* It is proper to refuse to permit a question to be repeated which has once been asked and answered by the same witness.

6. INSTRUCTIONS—*effect of, referring to the declaration as a whole, where the jury have been told to disregard a particular count.* Where an instruction directs the jury to disregard a particular count of the declaration, a reference in general terms to the declaration in other instructions is to be construed as intending a reference only to that part of the declaration which the jury has not been instructed to disregard.

Action in case for personal injuries. Appeal from the Circuit Court of Bureau county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed April 28, 1909. Opinion modified and rehearing denied June 9, 1909.

**Statement by the Court.** Appellee, an employe of appellant, was driving two mules drawing several cars of coal along an entry way in one of appellant's coal

mines near the foot of a long down grade, when rock fallen upon the track caused the wheels of the head car on which appellee rode to leave the track, and one of his feet was caught between the car and rib of coal on the side toward which the car ran upon leaving the rail, and also between the car and a timber projecting into the entry way, and his foot was crushed. He brought this suit to recover damages for said injuries, and had a verdict and a judgment for $1,000 from which defendant below appeals. It is assigned for error and stated in appellant's brief that the damages are excessive, but that alleged error is not argued and is therefore waived. Appellant's chief contentions are that the trial court erred in its rulings upon the evidence and upon the instructions.

The declaration consisted of four counts, and an amendment to each of them, and two additional counts. All the counts were for wilful violations of the mining statute, except the second additional count which charged common law negligence. At the close of appellee's proofs, appellee dismissed the suit as to the second additional count. At the request of appellant, the court instructed the jury to disregard the fourth count and the first additional count. The verdict therefore rests upon the first three counts as amended.

The first count charged that appellant wilfully allowed appellee and others to enter said mine and work therein, not under the direction of the mine manager, before all conditions had been made safe and while a dangerous condition existed in said mine. The dangerous condition was alleged to be that in said entry way there were loose rocks overhanging and jagged pieces of heavy strata in the roof and walls, liable to become detached and to fall into the road, and that said roadway had long needed repairing by breaking down the loose matter and rock and timbering the same; that the roadway was obstructed by loose rock and matter and liable to fall; that the roadway was less than five feet wide and five feet high; that the road

was so low and narrow that the driver could not see past the mules; that there were no timbers for the support of the walls and roof; that no proper mark or danger signal was displayed at the defective part of the road nor any conspicuous mark placed there by the examiner; and that no record had been made by the examiner of these conditions. The second count charged that appellant wilfully failed to employ such a mine manager as the mining law required and wilfully failed, through its manager, to see that all dangerous places were properly marked by a danger signal displayed thereat; and it described the dangerous conditions as in the first count. The third count charged a wilful failure to cause the examiner to do the things required of him by law, namely, to visit the mine, inspect the places, make a daily record, etc., and it set out the dangerous conditions as in the first count. Each count charged that by these wilful violations of the statute the plaintiff was injured. The amendment was to each count and described minutely the place where the accident happened, and put it about forty-five yards inward from the principal doorway of the twelfth west roadway, and charged that from a point about twenty feet inward from said doorway to a point about two hundred yards inward from said doorway the bed of the road was not level but had many depressions, with a general down hill grade outwards towards said doorway; that the rails zigzagged in some places toward one wall and in other places toward the other, and in some places were very close to the wall or rib; that the walls were irregular and zigzagged to and from the rails; that great knobs, corners and timbers projected into the road in many places, obstructing the roadway; that rocks and pieces which had fallen from the roof were scattered along the sides of the rails against the rib, obstructing the roadway; that at the place where appellee was hurt a heavy wooden prop stood upright on the left wall coming within some four inches of passing cars and

obstructing the roadway; and that the bed of the road was filled with dust which raised upward into the air, obstructing the view ahead of the driver every time a trip passed outward. Appellant pleaded the general issue.

McDougall, Chapman & Bayne, for appellant.

J. L. Murphy and William Hawthorne, for appellee.

Mr. Justice Dibell delivered the opinion of the court.

It is alleged that the court erred in admitting evidence of the condition of the roadway and walls and roof for a distance of three hundred and fifty feet inward from the principal doorway and in allowing that condition to be shown for a period of about six months before the accident. From the foregoing statement it will be seen that while the injury was alleged to have occurred about forty-five yards inward from the principal doorway, yet the improper conditions were alleged to have existed from a point about twenty feet inward from said doorway to a point about two hundred yards or six hundred feet inward therefrom, so that the space covered by the proof was included in the charge in the declaration. The fact that said conditions existed for some considerable distance back and that those conditions had existed for several months before the injury tended to show that the conduct of appellant in maintaining those conditions was wilful. Taylor Coal Co. v. Dawes, 220 Ill. 145; Robertson v. Donk Bros. Coal Co., 238 Ill. 344. The existence of obstructions for some distance back, which made it necessary for the driver to ride low with his body in a cramped position in order to escape the obstructions, aided in showing how the injury actually occurred.

Complaint is made of the introduction of testimony that the entry way was dusty. The first additional

count was devoted to that subject and appellant joined issue thereon. Appellant contends that that count did not state a cause of action, and the court at its request directed the jury to disregard that count, but the count was a matter in issue when the evidence was introduced and the admission of that evidence was therefore competent. Complaint is made that on cross examination appellant was not permitted to ask a witness if it was not a fact that there was no place in that entry which was less than five feet wide, and, in another question, if it was not true that there were no timbers less than five feet high. An examination of the record discloses more fully than does the abstract that appellant had asked this witness each of these questions, and had received a positive answer to each, and that the question objected to was a mere repetition and was objected to on that ground. The court did not err in sustaining the objection. Zetsche v. C. P. & St. L. Ry. Co., 238 Ill. 240. We have examined the other criticisms made upon the rulings of the court upon the evidence and do not find any reversible error in those rulings.

It is argued that the court erred in refusing to take the case from the jury. There was evidence to support each of the first three counts of the declaration and it was the duty of the court to submit that evidence to the jury. The fourth count was based upon the provision of the mining law requiring certain passage ways to be five feet high and five feet wide. It is argued that this was not such a passage way as the statute contemplates, and that there could be no recovery thereunder, and that the court therefore erred in permitting plaintiff to introduce evidence tending to show that this entry was not five feet high and five feet wide. The court did instruct the jury to disregard this count of the declaration, and therefore decided this contention in favor of appellant. Appellant contends that because the court gave instuctions for appellee that if the plaintiff was injured by a wilful

violation of law by appellant as charged in the declararation, then they should find appellant guilty, this nullified the instruction to disregard the fourth count and first additional count. We are of opinion that where an instruction directs the jury to disregard a particular count of the declaration, a reference in general terms to the declaration in other instructions not only intends a reference to that part of the declaration which the jury has not been instructed to disregard, but that it would be so understood by the jury. West Chicago St. R. R. Co. v. Buckley, 200 Ill. 260; Sandy v. Lake St. Elev. R. R. Co., 235 Ill. 194. This conclusion answers several other objections made to instructions given for appellee and to the action of the court relating to proof introduced under the counts which the court afterwards instructed the jury to disregard. Instruction 4b requested by defendant, which the court refused, was in the nature of an argument. Some of the instructions requested by appellant and refused were designed to submit to the jury the question whether appellant acted in good faith. It was held in Eldorado Coal Co. v. Swan, 227 Ill. 586, that the question of the existence or non-existence of good faith on the part of the operator of a coal mine is not involved in a suit brought for the wilful violation of the statute. These instructions were therefore properly refused. But the court, by instruction No. 10 given at the request of appellant, laid down the law in harmony with its contention, and it has nothing of which to complain upon that subject. Appellant complains that the court refused to instruct the jury at its request that the mere fact that plaintiff was injured in that entry way did not prove that dangerous conditions existed there. The injury to plaintiff at that place was one of the facts which tended to show the existence of dangerous conditions at the place of injury, and the court properly refused to separate the several items of proof tending to show dangerous conditions and tell the jury that one of these facts taken sep-

arately did not prove the case. As the second additional count. charging common law negligence, was dismissed at the end of plaintiff's. case, and the liability of appellant under the other counts did not depend upon any question of negligence, the court properly refused to instruct the jury upon the question of negligence. Several of the refused instructions were sufficiently covered by instructions given at appellant's request.

It is contended that the evidence does not support the verdict. The evidence was conflicting. That introduced by appellee tended to establish the first three counts of the declaration. We do not feel authorized to disturb the conclusion of the jury, approved by the trial judge.

Appellee has assigned cross errors, but does not request us to act upon them unless, for some good reason, we reverse the case. We do not find any reversible error in the matters argued by appellant. The judgment is therefore affirmed.

*Affirmed.*