## Charles Aetitis, Appellee, v. Spring Valley Coal Company, Appellant.

### Gen. No. 5,154.

1. Jury trial—*what appropriate examination of talesmen.* In an action on the case for personal injuries, it is permissible for the plaintiff's counsel to inquire of the talesmen as to whether or not they are interested in any casualty company which insures employers of labor against damages for injuries to employes.

2. Mines and Miners Act—*when report of superintendent not incompetent.* The report of the accident in question made by the general superintendent of the mine owner to the state mine inspector pursuant to the statute, is not rendered incompetent by virtue of the fact that it contains statements not required by law to be made.

3. Mines and Miners Act—*what reports competent.* Reports and records of an accident made pursuant to the requirements of the statute are competent evidence against the party making them; if, however, such reports and records contain improper statements likely to be prejudicial to the mine owner, specific objection should be made to such statements in order that the trial court may properly protect such mine owner from resulting prejudice.

4. Mines and Miners Act—*what not defense to action charging wilful violation.* In an action under the Mines and Miners Act charging a wilful violation of the statute, it is not material as to whether or not the defendant in good faith believed that no dangerous condition existed.

5. Mines and Miners Act—*what not required of mine examiner.* Under ordinary circumstances an instruction is erroneous which

requires a mine examiner in order to make an examination in good faith to know what work was still required to be done there—ordinarily a mine examiner is not expected to know what work is to be done in the future, but *held*, under the facts of this case, the giving of such an instruction was not reversible error.

6. EVIDENCE—*when question calls for conclusion. Held*, that it was proper to sustain an objection to the following question: "Did you make a sufficient examination at the time to determine if it was in a safe condition?" as such question calls for a conclusion.

7. APPEALS AND ERRORS—*what abstract should show.* The abstract filed on appeal should show objections and exceptions to rulings complained of; otherwise such rulings will not be considered.

8. CONDUCT OF COUNSEL—*when alleged improper remarks not ground for reversal.* A complaint of the remarks of counsel to be properly urged should show not disconnected sentences objected to, but the entire context should be preserved in order that a fair consideration of the propriety of such remarks may be made.

·9. INSTRUCTIONS—*to what reference to declaration applies.* A reference in an instruction to a declaration construed to mean a reference to so much of the declaration as was not excluded by the court.

Action in case for personal injuries. Appeal from the Circuit Court of Bureau county; the Hon. R. M. SKINNER, Judge, presiding. Heard in this court at the April term, 1909. Affirmed. Opinion filed October 19, 1909.

McDOUGALL, CHAPMAN & BAYNE, for appellant.

WILLIAM HAWTHORNE and J. L. MURPHY, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

Preparatory to building a mule stable in an old entry-way in one of its mines, appellant took the timbers out of the roof, leaving a space about thirteen feet square and from twelve to thirteen feet high at the highest point, above which was about four hundred feet of rock and earth. This space which had been timbered about twenty years before, was first used as a lye or switch and later as a gob room where refuse dirt and rock were placed. Appellant's mine examiner

had charge of the night work, and Sunday night, January 20, 1907, had his men pull down the loose rock and remove the debris at the place. He was there at three-thirty Monday morning for about ten minutes and examined the place while the men were finishing this work. Appellant's mine manager entered the mine about seven o'clock Monday morning, examined the place where the mule stable was to be built, and then went for appellee and directed him to go with one Challenger and build the stable. To make a place for upright timbers, it was necessary to cut into the soapstone rib or side, from the bottom of the entry-way to a height of eight feet or more. This rib was nearly perpendicular for four or five feet and then slanted toward the center. The manager made chalk marks where the cuts for the legs or upright timbers were to be made, and directed appellee to make one and Challenger the other. Before appellee commenced work, appellant's assistant mine manager examined the place. Appellee had made a cut into the rib about seven feet high and from fifteen to twenty inches deep at the top, when the rock above fell upon him, breaking his leg and injuring him otherwise. He brought this suit to recover damages for injuries so sustained. The original declaration containing three counts, was based on the Mines and Miners Act as amended in 1905. The first count, under section 18, charged the duty of appellant to employ a legally qualified mine examiner, and on each day to cause such examiner to visit and inspect the mine before the men were permitted to enter, and observe whether there were any unsafe conditions, and to mark conspicuously all places where dangerous conditions existed. The second count, based on the last sentence of paragraph (d) of section 16, charged the duty of appellant through a duly qualified manager of said mine, to see that all dangerous places above and below were properly marked and danger signals displayed wherever required. The third count, based on paragraph (b) of

section 18, charged the duty of appellant to allow no person to enter the mine to work therein except under the direction of the mine manager until all conditions had been made safe. Each count averred a wilful disregard of the duty charged, in consequence of which appellee was injured. Later, four counts charging appellant with common law liability were added. At the close of all the evidence, appellee dismissed the common law counts. The court instructed the jury to disregard the third count. The case was submitted on the first and second counts, and a verdict was returned for appellee for $2,000. A motion for a new trial was denied, judgment was entered on the verdict and the company appeals.

Appellee testified that before he started to cut into the rock, he looked as far as he could with the aid of his light and saw no danger signals; that he could not see the roof, and that the manager did not warn him of danger; that he pulled down the loose rock and tested as far as he could with his pick. Challenger testified that he did not see danger signals; that appellee tested the rock all the time he was working; that the rock that fell did not come out of the rib, and that the notches where appellee worked were all right after the fall; that there was more rock down the morning after the accident. Appellant's general superintendent in reporting the accident to the state mine inspector, said, "A piece of rock fell from the top and struck him." The assistant mine manager testified that he examined the rib and roof and, in his opinion, it was safe; that the customary way of telling whether rock was loose and liable to fall was to take a pick or some other instrument and hit it, and it could be told by the sound whether it was safe to pull down the rock; that he did not tap the roof but looked at it; and that it was removing the rock in cutting places for the timber that caused the fall. The mine manager testified that he examined the place before the men went to work, and saw that all the loose

rock was taken down that would fall; that he looked at the rib and the roof; that upon an examination after the accident he could tell that it was the cutting out and the removal of the support of the arch that caused the rock to fall. His record made and filed in the office of appellant as required by the statute stated that, ''A piece of rock came out of the top and caught him.'' Appellant's mine examiner died before the second trial and his testimony given at the first trial was read into this record and showed that he examined the place about half past three Monday morning by looking at it.

Whether the rock that injured appellee fell from the roof as a result of the removal of the timbers, or whether the fall was occasioned by the removal of the support to the arch caused by cutting into the rib, was a question of fact for the jury. There was no evidence that danger signals were displayed, and whether the roof was in a dangerous condition when the work was commenced, and should have been marked conspicuously, was also a question of fact for them to decide. The finding on these facts is the basis of their verdict in favor of appellee, which, in our opinion, is supported by a preponderance of the evidence.

Two jurors were asked on their *voir dire* by counsel for appellee if they were interested in any casualty company which insured employers of labor against damages for injuries to employes. The court sustained an objection to these questions, and appellant, in support of its contention that they were prejudicial to its interest, cites McCarthy v. Spring Valley Coal Co., 232 Ill. 473. Here, appellee was not introducing evidence as was appellee in the McCarthy case, nor was any particular casualty company mentioned; nor did the questions, as in the McCarthy case, tend to intimate to the jury that appellant was insured against liability for accidents of this character by a casualty company which would have to respond in damages.

It was held in Iroquois Furnace Company v. McCrea, 191 Ill. 340, that such questions were proper, at least for the purpose of enabling counsel to exercise their right of peremptory challenge, if for no other; and we are of the opinion that the questions complained of did appellant no harm.

Complaint is made of the admission in evidence of the report of the accident made by appellant's general superintendent to the state mine inspector, pursuant to paragraph (a) of section 27 of the Mines and Miners Act, because it contained the statement that, "A piece of rock fell from the top and struck him," it being urged that the statement was not made for the personal knowledge of the superintendent, and that the law required him to report the fact of the accident only; that he was not required to report the cause, and that there was a failure to show his authority to bind the company by statements. If appellant were correct in its contention that the report was incompetent because it contained more than was required, it would always be possible for the operator to obviate the introduction in evidence of such a writing against itself, by inserting some unnecessary or improper matter.

The court, over appellant's objection, admitted in evidence the record of the accident made and filed in appellant's office under paragraph (a), section 27, *supra*. Appellant contends that its admission was error on the ground that it contained the statement that appellee had a wife and child, again citing McCarthy v. Spring Valley Coal Company, *supra*. In the McCarthy case, counsel stated to the jury that appellee had a wife and five children. That statement, the court said, was made for the purpose of enhancing the damages by getting before the jury, facts calculated to arouse their sympathy. In the case at bar, counsel did not, as in the McCarthy case, attempt to take any advantage by reason of the statement. Moreover, through it a line was drawn, partially obscuring it,

and the natural inference of the jury would be that it was untrue. Appellant did not, upon the trial, raise this specific question nor object to the admission of the record because of this statement. Had it done so, doubtless the court would not have admitted that part of it in evidence, nor permitted the jury to have taken it with them on retiring to consider their verdict. We see no reason why reports and records made pursuant to the requirements of the statute should not be competent evidence against the party making them, and, in our opinion, the report and record in this case were properly admitted in evidence.

Appellant contends that it was error not to permit the mine examiner to answer the question, "Did you make a sufficient examination at the time to determine if it was in a safe condition?" This ruling was correct as the question called for a conclusion. Whether the place where appellee was injured was safe or unsafe, was a question of fact to be determined by the jury and not by the mine examiner. Olson v. Kelly Coal Co., 236 Ill. 502.

It is claimed that it was error to allow appellee to show that a large amount of rock had fallen the morning after the accident. Whatever benefit might be derived from objections or exceptions appearing on this subject in the record, is waived, since they are not shown by the abstract filed in this court.

Appellant complains of remarks of counsel for appellee in his argument; but from our examination of such single and disconnected sentences as are preserved for our consideration, we do not deem them sufficiently prejudicial to justify a reversal of the judgment. The context should have been preserved that we might know in what connection the statements were made, in order properly to determine their possible effect upon the jury.

Counsel for appellant asserts that the law is, that if the mine manager and mine examiner in good faith made an examination of the place where the accident

occurred, and from such examination, in good faith, believed that no dangerous condition existed, and for that reason placed no danger signal there, appellee is not entitled to recover on the counts charging that such failure caused the accident. In Emerling v. Spring Valley Coal Company, 149 Ill. App. 97, on the authority of Eldorado Coal Company v. Swan, 227 Ill. 592, we said: "The question of the existence or non-existence of good faith, on the part of the operator of a coal mine, is not involved in a suit brought for the wilful violation of the statute." Catlett v. Young, 143 Ill. 74; Odin Coal Co. v. Denman, 185 Ill. 413; Davis v. Illinois Collieries Co., 232 Ill. 284; Olson v. Kelly Coal Co., 236 Ill. 502. Were good faith a defense as claimed by appellant, it could hardly be urged in this case as the mine examiner was also night boss and knew of the removal of the timbers which had supported the roof for twenty years, and of all conditions existing at or near the place, having had men there removing rock on Thursday, Friday and Sunday nights previous to the accident which had fallen since the removal of the supports; yet on Monday morning he considered looking at the roof and rib a sufficient examination, and did not display danger signals at the place where but a few hours later the accident to appellee occurred, caused, the jury said by their verdict, by a fall of rock from the roof from which the support had been removed.

Complaint is made of the third, fourth, sixth, seventh, eighth and tenth instructions given for appellee. The third told the jury if they believed appellant's mine manager gave plaintiff and Challenger certain orders and directions about the work they were to do, and then went away; that shortly afterwards the mine manager sent his assistant to the place in question to look after the work; that when the assistant came there he gave orders concerning the work, appellee was bound to follow such other and further directions and that by so doing he was not guilty of

such disobedience as would defeat his action. The proof showed that the mine manager White, and afterwards his assistant Miller did give appellee directions relative to the work and we see no reason why the instruction is not correct.

It is argued that appellee's fourth instruction is erroneous because it permits a recovery under the declaration when the court instructed the jury there could be no recovery under the third count. It did state if the jury believed certain things from the evidence as laid in the declaration, they should find appellant guilty. We are of the opinion that such reference to the declaration meant so much of the declaration as was not excluded by the court, and the jury would so understand the instruction. Appellee had dismissed the additional counts and the court had directed the jury that there could be no recovery on the third count and it must be assumed that they knew the instruction referred to the counts that had not been withdrawn and upon which the case was submitted. West Chicago Street Railroad Co. v. Buckley, 200 Ill. 260; Sandy v. Lake Street El. R. R. Co., 235 Ill. 194; Emerling v. Spring Valley Coal Co., *supra*.

This is also true of appellee's fifth, sixth, seventh and eighth instructions.

Appellee's tenth instruction, under ordinary circumstances, would be regarded as erroneous. It requires the mine examiner, in order to have made an examination in good faith, to know what work was still required to be done there, while ordinarily a mine examiner is not expected to know what work will be done in the future. But in this case, the mine examiner was also the night boss, and did know what work was to be done, and in view of that fact we hold that the giving of the instruction was not reversible error, since the verdict, in our opinion, does substantial justice, and a different verdict could not have been returned had the instruction not been given.

Complaint is made of the refusal of appellant's twenty-seventh instruction which was as follows:

"The court instructs the jury that if they believe from the evidence that the fall of rock which injured the plaintiff was caused by the doing of the work which he was engaged in doing at the time of the fall, then he cannot recover, and the verdict of the jury should be not guilty."

This instruction was properly refused for the reason that the facts stated therein might be so, and yet the injury to appellee might also have been caused by the failure of appellant to observe and follow the statutory requirements, the violation of which was alleged in the first and second counts of the declaration.

Appellant complains of the refusal of its twenty-seventh, twenty-ninth and thirtieth instructions. The facts stated in the twenty-seventh and thirtieth instructions might have been true and yet the injury to appellee have been caused by appellant's failure to observe the statutory requirements as alleged in the first and second counts of the declaration. Instruction twenty-nine was embodied in the twenty-first given for appellant.

The judgment is affirmed.

*Affirmed.*