# Forest L. Buck, Defendant in Error, v. The Citizens Coal Mining Company, Plaintiff in Error.

1. MASTER AND SERVANT—*when declaration states cause of action.* *Held,* that the declaration in this case which alleged the furnishing by the master to the servant of a vicious mule in consequence of which he was injured, stated after verdict, a cause of action, notwithstanding such declaration showed that the plaintiff gained knowledge of the viciousness of such mule, it appearing that his injury resulted while obeying a command of his master.

2. PLEADING—*presumptions which aid declaration after verdict.* All intendments and presumptions are indulged in favor of the sufficiency of a declaration after default and judgment.

Action in case for personal injuries. Error to the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1911. Affirmed. Opinion filed October 14, 1911.

WILSON, WARREN & CHILD, for plaintiff in error.

C. F. MORTIMER and OSCAR J. PUTTING, for defendant in error.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

Plaintiff was a miner working for the defendant company as a mule driver; while driving a mule furnished to him by the defendant company and in the performance of his duties, uncoupling two cars from the mule, the mule gave a sudden jerk or lunge, which caused the cars to run together, catching plaintiff between them whereby he was injured.

This action is brought to recover for those injuries. The action was brought to the March term, 1911; defendant was properly served with summons but made no appearance at that term of court; a default was entered against it, damages were assessed by the court at $1,500 and a judgment rendered against defendant for that amount. No steps were taken by defendant,

no motions made to set aside the default or judgment, but at the May term, 1911, a motion was made by the defendant to set aside the judgment and default. This motion was denied, and this writ of error was prosecuted.

It is conceded by defendant that by reason of the non-appearance of the defendant and by reason of no action being taken to set aside the default at the term at which it was entered the only question that can now be presented to this court as a ground for reversal of the judgment is upon the contention that the declaration filed by the plaintiff does not state a cause of action. The only question raised upon the declaration and argued by the defendant is that the declaration charges negligence on the part of the defendant in furnishing plaintiff with a mule named "Kate" for the purpose of hauling coal and that the mule was a mean, vicious, sulky, balky, kicking and dangerous mule and had a disposition to run away, that upon discovering these characteristics of "Kate," plaintiff complained to the defendant but that the defendant, knowing the disposition and danger of said mule, negligently ordered and directed plaintiff to continue driving said mule, and that while in the performance of his duties, in driving "Kate" while hitched to two cars of coal, and while in the performance of his duty in uncoupling said cars and in the exercise of reasonable care for his own safety, "Kate" suddenly with a jerk caused the two cars to come together with great force and crushed and injured the plaintiff. It being contended that this declaration by its averments discloses that the plaintiff became acquainted with and knew the characteristics of "Kate" and had as much knowledge thereof as the defendant, that the declaration does not aver that the defendant had any other knowledge of "Kate's" characteristics than that disclosed to it by plaintiff at the time of his complaint, and that the declaration does not aver that the defendant promised to furnish any

other mule or to cure or remedy any of the peculiar characteristics of ''Kate,'' and that the plaintiff in obeying the direction of defendant to continue driving ''Kate,'' in the performance of his work, assumed all risk incident to being injured in the manner complained of in his declaration and that by reason of such assumption of the risk there is no liability on the part of the defendant and that for this reason no cause of action is stated in the declaration.

Under the rule laid down in Western Stone Company v. Musical, 196 Ill. 385, it was the duty of the master to use reasonable diligence in furnishing the servant with a reasonably safe mule and that after notice to the defendant by the plaintiff of the characteristics of this mule and upon the order then given by defendant to continue in the use of this mule, it was the duty of the servant to obey and that he had the right to rest upon the assurance which the command to obey implied that there was no danger in continuing to drive ''Kate'' while in the hauling of this coal, that when acting in obedience to such order, plaintiff assumed no risk unless he acted recklessly in obeying it, and the question as to whether he did act recklessly in that regard was a question to be determined from the evidence, and this cause having been heard by the court without a jury and there being no evidence preserved in the record, this court must presume that the trial court heard sufficient evidence to justify the finding made by it, and that the proof was sufficient to justify the judgment. Sangamon Coal Mining Company v. Wiggerhaus, 122 Ill. 279.

Again, in the case of Illinois Steel Company v. Schymanowski, 162 Ill. 447, the Supreme Court has said: ''A master is liable to a servant when he orders the latter to perform a dangerous work, unless the danger is so imminent that no man of ordinary prudence would incur it. Even if the servant had some knowledge of attendant danger, his right of recovery will not be de-

feated, if, in obeying the order, he acts with the degree of prudence which an ordinarily prudent man would exercise under the circumstances. The master and servant are not altogether upon a footing of equality. The primary duty of the latter is obedience, and he cannot be charged with negligence in obeying an order of the master, unless he acts recklessly in so obeying. Whether he did so was a question of fact to be determined from the evidence.''

The rules governing this declaration are the same as if the cause had been tried with a jury, and the finding made by the court has the same effect as a finding of a verdict by a jury; and all intendments and presumptions must be held to be in its favor, and while certain rules of pleading are required of the plaintiff, that he shall state all that may be necessary in his declaration where its sufficiency is questioned by a demurrer and requires the judgment of the court thereon, the same technical requirement does not exist after a verdict and many of the requirements which must be stated to make a sufficient pleading when questioned by a demurrer, the failure to make such averments may be cured by the verdict. The rule that a pleading is to be construed most strongly against the pleader does not obtain after a verdict of the jury, or a finding by the court upon trial without a jury; and after a finding by the court for the plaintiff, all intendments and all presumptions are then in favor of the declaration and of the correctness of the judgment. Diamond Glue Company v. Weitzychowski, 227 Ill. 338; C. & G. T. Ry. Co. v. Smith, 124 Ill. App. 628.

After a careful examination of the authorities cited upon the question of its sufficiency, we are of the opinion that the declaration stated a good cause of action, and is sufficient after a verdict.

The judgment is affirmed.

*Affirmed.*